## Case No. 6,986.

In re HYMES.

[7 Ben. 427;[1] 10 N. B. R. 433.]

District Court, S. D. New York. Sept., 1874.

PRACTICE—REQUISITE NUMBER AND AMOUNT OF PETITIONING CREDITORS.

1. Under the 9th section of the act of June 22. 1874 [18 Stat. 180], where a debtor, against whom a petition in bankruptcy is filed, denies that the petitioning creditors constitute one-fourth in number of his creditors, or that the aggregate of the provable debts, owing to the petitioning creditors, amounts to one-third of the debts of the debtor so provable, the denial and the list of creditors filed with such denial should both be verified by the oath of the debtor.

[Cited in Re Currier, Case No. 3,492; Re Lloyd, Id. 8,429.]

2. On such denial being filed, it is proper to have a reference to ascertain whether the petitioning creditors do constitute one-fourth in number of the creditors whose respective provable debts exceed $250, and whether the aggregate of the provable debts of the petitioning creditors amounts to one-third or more of the creditors whose respective provable debts exceed $250.

3. On such hearing, the petition, the denial and list are to form part of the proceedings, the affirmative of the allegation is to be with the petitioning creditors, and the debtor is to attend and submit to an examination, if desired by the creditors.

4. At least ten days' notice of such hearing is to be sent to all the creditors named in the list, in analogy to the time specified in the 11th section of the act.

5. The proper number of creditors required to join in the petition is to be ascertained by computing one-fourth of the creditors whose respective debts exceed $250, and such additional number of them, that the aggregate of the debts of those computed will amount to one-third of the debts of the creditors whose respective debts exceed $250.

[Cited in Re Bergeron, Case No. 1,342; Re Broich, Id. 1,921.]

[In bankruptcy. In the matter of Jacob Hymes.]

R. Sampter, for petitioning creditors.
Busteed & Turk, for debtor.

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

BLATCHFORD, District Judge. In this case, five creditors, who set forth their aggregate debts at $2,262 57, join in a petition to put their debtor into bankruptcy. The petition alleges that such five creditors constitute more than one-fourth in number of the creditors of such debtor, and that the aggregate of the debts owing to them by such debtor, provable under the bankruptcy act, amounts to more than one-third of the debts of the debtor, so provable. The debtor files a written statement signed by his attorneys, and verified by an oath signed and sworn to by the debtor, declaring that such statement is true of his own knowledge, which statement sets forth that the debtor appears and denies that the petitioning creditors constitute one-fourth in number of his creditors, or that the aggregate of the debts owing to the petitioning creditors by said debtor, provable under said act, and the acts amendatory thereof, amounts to one-third of the debts of said debtor, so provable. The 9th section of the act of June 22, 1874 [18 Stat. 180], in amendment of the 39th section of the act of March 2, 1867 [14 Stat. 539], does not require that such statement in writing should be verified by the oath of the debtor, but, in the absence of any rule or form prescribed by the supreme court, indicating either that there is to be, or that there is not to be, such verification, it is proper to require such oath, to be signed by the debtor.

The debtor, at the same time, files a list, to which is appended a written oath, signed by him, setting forth that such list is a full and true list of all his creditors, with their places of residence and the respective amounts severally due them, to the best of his knowledge, information and belief. The 9th section of the act of 1874 does not prescribe that such list shall be verified by the oath of the debtor, but it is proper to require that it should be. It is to be the basis of further action, and should, therefore, be authenticated.

The list shows 17 creditors, the debt due to each of whom exceeds the sum of $250. By the list, the debts due to the five petitioning creditors amount, in the aggregate, to $2,224 67, instead of $2,262 57, as set forth in the petition. The aggregate, shown by the list, of the debts due to such 17 creditors, is $7,569 13. Therefore, while the petitioning creditors constitute more than one-fourth in number, according to the list, of the creditors whose respective debts exceed $250, the aggregate of the debts of such petitioning creditors does not amount to one-third, according to the list, of the debts due to such 17 creditors. Under such circumstances the 9th section of the act of 1874 requires, that the court "shall ascertain, upon reasonable notice to the creditors, whether one-fourth in number and one-third in amount thereof, as aforesaid, have petitioned that the debtor be adjudged a bankrupt." The

object of notice to the creditors, that is, notice to the creditors named in the list, is, undoubtedly, to enable the petitioning creditors and others of the named creditors to show that the list is incorrect. The proper course to be pursued is, to enter an order referring it to the clerk of the court to ascertain and report whether the petitioning creditors constitute one-fourth, or more, in number, of the creditors of the debtor whose respective provable debts exceed $250, and whether the aggregate of the provable debts of the petitioning creditors amounts to one-third, or more, of the aggregate of the debts of the creditors of the debtor whose respective provable debts exceed $250; such ascertainment to be made upon such evidence as shall be introduced on the reference; the affirmative of the allegation and denial to be with the petitioning creditors; the petition, statement and list to form part of the proceedings on the reference; the debtor to attend on the reference and submit to an examination, if desired by the petitioning creditors, as to the matters embraced in the list or covered by the issue; and written or printed notice to be given by the clerk, by mail, postage prepaid, to all of the creditors named in the list, at the addresses given in the list, of the time and place of the reference, and of its object, at least ten days before the hearing, such notice to contain a copy of the list, with its names, places of residence and amounts. The period of ten days is named, because none of the creditors are set forth in the list as residing out of the city of New York, and it is in analogy to the time specified in the 11th section of the act, as the least time of notice of the first meeting of creditors.

The 9th section of the act of 1874 provides, that, "in computing the number of creditors, as aforesaid, who shall join in such petition, creditors whose respective debts do not exceed two hundred and fifty dollars shall not be reckoned;" also, that, "if there be no creditors whose debts exceed said sum of two hundred and fifty dollars, or if the requisite number of creditors holding debts exceeding two hundred and fifty dollars fail to sign the petition, the creditors having debts of a less amount shall be reckoned for the purposes aforesaid." The list, in this case, sets forth the names of 29 creditors whose respective debts do not exceed $250, besides the 17 creditors whose respective debts exceed $250. The debts of those 29 creditors, as set forth in the list, amount, in the aggregate, to $2,525 42, the total debts of the 46 creditors being $10,094 55. It was suggested, on the part of the debtors, at the hearing on the return of the order to show cause, that the statute, in saying, that, "in computing the number of creditors, as aforesaid, who shall join in such petition, creditors whose respective debts do not exceed two hundred and fifty dollars shall not be reckoned," intended only, that, in the computation as to the question of one-fourth in number, creditors whose respective debts do not exceed $250 shall not be reckoned, but that, in the computation as to the amount of debts, the debts of all creditors must be reckoned, whether they exceed $250 or not. In other words, in this view, in the present case, while one-fourth of the 17 creditors whose respective debts exceed $250 would be sufficient in number, the petitioning creditors must have debts amounting to at least one-third of $10,094 55, or to $3,364 85. This is not a correct view of the statute, and I allude to the subject now, as a guide to the parties, on the reference, in determining the issue raised. The 9th section of the act of 1874 provides, that the debtor "shall be adjudged a bankrupt on the petition of one or more of his creditors, who shall constitute one-fourth thereof, at least, in number, and the aggregate of whose debts, provable under this act, amounts to at least one-third of the debts so provable." The petitioning creditors are to be "one or more" in number, but, whether one will suffice, or, if more are necessary, how many there must be, is to be determined by certain tests prescribed by the section. Still, the point to be determined is, what number of creditors must join in the petition, and such number must be determined by making a computation according to the rules laid down in the section. Those rules are, that the number of creditors joining in the petition must be, by personal numeration, at least one-fourth of the entire number of creditors, and must have provable debts amounting to at least one-third of all the provable debts, with the further rule, that, in computing the number who must join, in determining how many must join, whether "one or more," creditors whose respective debts do not exceed $250 are not to be reckoned. Everything that is to be done is, to compute the number of creditors "as aforesaid" who must join. In doing that the "creditors" whose respective debts do not exceed $250 are not to be reckoned. Those creditors are to be excluded. If they are excluded, it follows, necessarily, that, if only the creditors whose respective debts exceed $250 are included and reckoned, the proper number to join will be ascertained by computing one-fourth of such creditors, and such additional number of them, that the aggregate of the debts of those computed will amount to one-third of the debts of the creditors so included and reckoned, that is, one-third of the debts of the creditors whose respective debts exceed $250. This view is supported by the concluding sentence of the 9th section of the act of 1874, which provides, that, if there are no creditors whose debts exceed the sum of $250, or, if the requisite "number" of creditors holding debts exceeding $250, fail to sign the petition, the creditors having debts of a less amount shall be reckoned "for the purposes aforesaid." This shows, that, where credit-

ors having debts exceeding $250 are to be exclusively reckoned, they are to be reckoned for all the purposes mentioned in the section, that is, for the purpose of arriving at the proper number of creditors, which is to be a number having a certain aggregate of debts. Let an order be entered, embodying the foregoing directions.