an amended petition under said amended act was filed and issue taken thereon: *Held,* that the action of the court in subsequently dismissing the case on the strength of the special verdict was erroneous, and that the issues made under the amended act by the amended petition should have been determined.

A creditor's petition in bankruptcy was filed against [Robert G.] King, March 17, 1874. Denial of acts of bankruptcy, and trial to jury May 4, 1874, who returned a special verdict. Motion by petitioning creditors for an adjudication on the special verdict, and notwithstanding the same, while this motion was undetermined, the amended act of June 22, 1874, went into effect, and on October 17, 1874, an amended petition was filed by consent of court bringing in additional creditors, and stating acts of bankruptcy in compliance with said amended act. King filed an answer denying the alleged acts of bankruptcy, and denying that the requisite number and amount of creditors were concurring in the proceeding. The court found, it seems, that the requisite number were assenting to the proceeding; but on the 18th day of November, 1874, entered an order "stating, that the cause came on to be heard on the verdict of the jury rendered at the May term, before the pleadings were changed to comply with the act of June 22, 1874, and the court being fully advised, orders that the proceedings be dismissed, and that the marshal turn over to R. G. King all the property held under the provisional warrant heretofore issued." To review and re-examine this order, the petitioning creditors bring the case here by petition in review.

C. S. Chase and W. D. Bartholomew, for creditors.

DILLON, Circuit Judge. I am of opinion that the special verdict is defective in not covering the issues or affording a basis of facts for a decision, for or against the petition. The result is, that there was simply a mis-trial, leaving the case pending in the bankruptcy court. It was so pending when the amended bankrupt act of June 22, 1874, took effect, and the retroactive provisions of that act applied to it as an undetermined case, requiring the assent of one-fourth in number and one-third in value of the creditors.

The petition was amended, alleging that the requisite proportion of creditors as to number and value concurred in the proceeding, and stating acts of bankruptcy to comply with the new provisions of law, and issue was taken on this amended petition by the debtor. These issues as to the acts of bankruptcy were never tried, but the court entered an order on the 18th day of November, 1874, based upon the special verdict of May 4th, 1874, dismissing the petition of the creditors and all proceedings under the same, and ordering the marshal to restore to the debtor all property held under the

provisional warrant. This was erroneous. The special verdict being defective, there was a mis-trial, leaving the case pending in the court, and the order ought to have been to set aside the special verdict and to have the issues made by the amended pleadings, tried and determined in the usual manner. The order of the 18th day of November, 1874, above mentioned, is reversed and set aside, and the district court ordered to proceed in the case in a manner not inconsistent with the order herein made, and to require the marshal to take possession of the property of debtor. Ordered accordingly.

---

## Case No. 7,783.

In re KING.

[10 N. B. R. (1874) 104.] [1]

District Court. [2]

### BANKRUPTCY—PREFERENCE.

1. The burden of proof is on the creditor to show that the creditor procured or suffered his property to be taken on legal process with intent thereby to give a preference.

2. The case of Wilson v. City Bank of St. Paul [17 Wall. (84 U. S.) 473], cited and followed.

This is an involuntary proceeding for adjudication of bankruptcy, and the single act of bankruptcy alleged in the petition is, that the debtor, Dwight B. King, on the 2d of February, A. D. 1874, being insolvent, and in contemplation of bankruptcy, procured and suffered his property to be taken on legal process, in favor of one Thomas W. Maires, with intent thereby to give a preference to said Maires, and by such disposition of his property to delay and defeat the operation of the act.

W. L. Dayton for petitioning creditor.
E. W. Evans for alleged bankrupt.

The only evidence which embarrasses me in the decision of the case, is the fact, that when the summons was issued, the creditor took it to the debtor, and asked him to acknowledge the service, rather than to the sheriff, to have the service made by him. The writ was tested December 29th and made returnable January 2d, affording sufficient time for the officer to make a personal service, but not for him to leave a copy at the residence or place of business of the defendant. Unexplained, such a circumstance affords strong presumption of collusion between the creditors and the alleged bankrupt, and constitutes the judgment and levy not only an act of bankruptcy, but a fraudulent preference. If the explicit denial of both the creditor and the debtor of all complicity in procuring the preference, was contradicted by either facts or circumstances, I should give little weight to

---

[1] [Reprinted by permission.]
[2] [The district, the date of the decision, and the name of the judge are not given in the original report.]

their testimony. For the parties who enter into such collusions, do not generally hesitate to sustain them by falsehood. They stand, however, not only uncontradicted, but confirmed. Mr. Van Horn, the lawyer whom Mr. Maires employed to obtain judgment on the note, gives a satisfactory explanation of the transaction. He testifies that he alone is responsible for the acknowledgment of service of the summons by the debtor. That the creditor expected and desired him to send the writs to the sheriff; that he and King were personal friends, and he felt a sympathy for him; that he was obliged to urge Maires for some time, before he consented to pursue this friendly course, towards a young and inexperienced man; and that so suspicious was King, that the acknowledgment involved some trick, that he refused to have anything to do with it, until he had consulted with Van Horn as a friend, and learned of him that Maires could take no benefit or advantage from it, and that its only legal effect was to save the costs of the sheriff's service. The evidence also negatives the idea of complicity between the creditor and the debtor, in exhibiting the surprise of the latter when he learned of the judgment and execution, and the anger which he manifested towards all the parties concerned in obtaining it. Accepting the case of Wilson v. City Bank of St. Paul [17 Wall. (84 U. S.) 473], as the law which governs this court, I must hold that the burden of proof is upon the creditor, and that he has failed to show that the debtor has procured or suffered his property to be taken on legal process, with intent thereby to give a preference, or by such disposition of his property to delay and defeat the operation of the bankrupt act [of 1867 (14 Stat. 517)].

---

## Case No. 7,784.

### In re KING.

[1 N. Y. Leg. Obs. 22; 5 Law Rep. 320.]

District Court, S. D. New York. 1842.

BANKRUPTCY — CREDITOR WHO HAS NOT PROVED HIS DEBT — RIGHT TO FILE OBJECTIONS TO DISCHARGE—PROCEDURE BEFORE A COMMISSIONER—MEANING OF "OTHER PERSONS IN INTEREST."

1. A creditor who has not proved his debt, cannot file objections and make opposition to the discharge of a bankrupt.

[Criticised in Re Shepard, Case No. 12,753. Cited, but not followed, in Re Boutelle, Id. 1,705.]

2. Where exception is taken before a commissioner as to the competency of a party to present objections, on the ground that the creditor had not proved his debt, the commissioner may disregard the same; his duty is to take proofs, under the order of reference, on the objections filed in court; the exception should have been taken by the bankrupt before the court, to the reception of the objections, when offered by the creditors, and the decision of the court had, particularly on the right of the party to oppose his discharge, before the objections were filed and an order of reference was entered on the docket.

3. The words, "other persons in interest," spoken of in the act [of 1841 (5 Stat. 440)], appear to apply to creditors who have ulterior or contingent claims against a bankrupt, such as signing in co-suretyship with him to third persons, holding his guarantee on some contract or covenant not yet broken, or to cases in which a bankrupt would stand under a liability to a party not amounting to a debt, or coming within the class of claims authorized by the statute to be proved as debts.

[Cited in Book's Case, Case No. 1,637. Criticised in Re Shepard, Id. 12,753.]

In this case the bankrupt [Brown King] had filed his petition for a discharge and certificate, and the case was referred to Commissioner Cambreleng on the objections filed. A preliminary objection was raised by the counsel for the bankrupt, as to the competency of the opposing party to appear and interpose objections in the character of a creditor, inasmuch as he had not proved any debt. The commissioner decided against the objection, and the point was thereupon submitted to the court for adjudication.

Mr. Sears, for bankrupt.

Thompson & Fessenden, for creditors.

BETTS, District Judge. The commissioner was correct in disregarding the exception, as it did not appertain to him to inquire into the capacity of parties to litigate in a matter specifically referred to him for examination. His duty was to take proofs, under the order of reference, on the objections filed in court, and he was bound to consider those objections as admitted by the court, and every question as to the competency of the party to present them, and of regularity in their reception and reference, to have been acted on and disposed of by the court. The bankrupt should accordingly have taken his exception before the court, to the reception of the objections, when offered by the creditor, and obtained the decision of the court preliminarily on the right of the party to oppose his discharge, before the objections were filed and an order of reference was entered upon the docket.

According to strict practice in courts of common or civil law jurisdiction, all exception to the competency of a party to sue or defend, is deemed waived by omitting to interpose an exceptive allegation in the first instance, in the nature of a plea in abatement or demurrer, and by taking any subsequent step in the cause. It would not, however, be convenient to apply the rules of strict practice, appertaining to processes in plenary suits, to proceedings in bankruptcy, as conducted under this act. They are essentially summary, and informal, and, in the particular now brought up, it might well happen that the objections and order of reference would all be taken simultaneously with the motion of the bankrupt for his discharge, and when he would have no opportunity to search the files and dockets to ascertain whether debts had been proved, or the objector was otherwise qualified to appear and