# U. S. CIRCUIT COURT.

## In the Matter of Henry A. Mann.

*Demurrer to petition in involuntary bankruptcy.*

In a petition in involuntary bankruptcy it is sufficient, as a matter of pleading, that the creditor states upon *belief*, without alleging either knowledge or information, that he constitutes one-fourth in number of the creditors of the alleged bankrupt, whose demands exceed $250, and are provable; and that his demand constitutes one-third of the provable debts under the act.

Johnson, *Cir. J.*— The petition of review brings up for consideration the decision of the district judge upon a demurrer to a petition in involuntary bankruptcy.

The alleged defect in the petition consists in this, that the creditor's petition states upon belief, without alleging either knowledge or information, that she constitutes one-fourth in number of the creditors of the alleged bankrupt, whose demands exceed $250 and are provable ; and that her demand constitutes one-third of the provable debts under the act.

The thirty-second of the supreme court orders in bankruptcy, adopted April 12th, 1875, ordains that the several forms specified in the schedule annexed to the former general orders, for the same purposes therein stated, shall be observed and used, with such alterations as may be necessary to suit the circumstances of any particular case.

Among the forms thus sanctioned was that of a creditor's petition, number fifty-four, in which is contained the allegations of the petitioning creditor, that he believes that said debtor owes debts to an amount exceeding the sum of $300.

Now that circumstance is as essential as any other to make out a case for involuntary bankruptcy under the statute. It is sufficiently averred as matter of pleading, by the averment that the petitioner so believes. If we look to the reason of it, belief upon such a subject is all that in the nature of things a stranger can have. Information is important only as leading to belief, unless the sources of information and the details obtained are to be set forth, and the court is to judge as to the greater or less probability of truth of the information obtained. But as pleading, this is quite irrelevant; in pleading the party is to make his allegations; upon subjects that lie within his personal knowledge, positively, but upon other points, belief equally with information and belief suffices to present an issue.

The facts stated on belief in this case, which have been before adverted to, relating to the question whether a sufficient proportion in number and amount of creditors have united in the petition, are of the same general character as that fact which the supreme court has directed to be stated on belief. It is at least as easy for a petitioning creditor to know, or to be informed that the debtor owes more than $300, as it is that he should know or be informed that one-fourth in number and one-third in amount of creditors have united in the petition. And the same reason which makes the former sufficient ought to cover the latter.

The special provision of the statute enabling the debtor to controvert this particular allegation, and the court in that case to require of him a complete list of his creditors, and the further provision that in case a sufficient number and amount of creditors have not joined, a reasonable time shall be granted for other creditors to unite in the petition, seem to me to show that no substantial purpose would be served in holding that an averment on belief was not sufficient. There is no novelty in holding that as matter of pleading an allegation upon belief is sufficient. Such was the established rule in respect to sworn pleadings in the court of chancery

in New York, when the matters stated, charged, averred, admitted or denied, were required to be stated positively, or upon information and belief only, according to the fact (*N. Y. Chan. Rules, No.* 18, *ed.* 1839), and either mode of statement was sufficient as a pleading. *In re Joliet Iron and Steel Co.* (10 *N. B. R.*, 60); *In re Scammon* (10 *N. B. R.*, 67); *In re Scull* (*do. do.*, 167); *In re Keeler* (*do. do.*, 419), are not inconsistent with the views before expressed. None of them goes further than to hold that an allegation on information and belief is sufficient, but none of them declares an allegation on belief alone to be insufficient.

In respect to the form of the verification, if that question arises on demurrer (*In re Scammons*, 10 *N. B. R.*, 259), it is that prescribed by the supreme court in the form before referred to, and any criticism in respect to the facts stated on belief alone in this case, as not covered by the form of the verification would be alike applicable to the form sanctioned by the general orders in bankruptcy.

I am therefore of opinion that the learned district judge ought not to have allowed the demurrer, and that his order, thereupon, ought to be reversed, and the allegation of the petition in that behalf should be deemed sufficient, and that the proceedings should be remitted to the district court, to be proceeded in according to law.