LOUIS SIEDENBACH, Appellant, *v.* JULIA A. RILEY, as Administratrix, etc., Respondent.

An order of General Term reversing a judgment entered upon a verdict directed by the trial court and ordering a new trial, is not *res adjudicata* between the parties, and upon an appeal to this court from a General Term judgment, affirming a judgment rendered on a second trial, every question of law appearing in the record can be considered as if the General Term decision was rendered upon a first appeal.

Where the complaint in an action to recover possession of personal property contains no averment of a wrongful taking, but simply alleges a wrongful detention, a general denial puts in issue both plaintiff's title and the wrongful detention, and under it defendant may show title in a stranger although he does not connect himself with the title.

The fact that an agent in a contract for the purchase of property binds himself individually, as well as his principal, to pay the purchase-price, does not give him title, or conclusively establish title in him, where the evidence discloses that he, in fact, purchased for his principal.

In an action to recover possession of property alleged to have been wrongfully detained, plaintiff claimed under a bill of sale which the evidence showed was intended as a mortgage. The instrument was not filed as a chattel mortgage. The property was at the time in store, and was subsequently levied on by defendant's intestate by virtue of an attachment. There was sufficient evidence to justify a finding that it never went into plaintiff's possession prior to the levy under the attachment. *Held,* that as against the attaching creditor the mortgage was void under the statute (Chap. 279, Laws of 1833); that a mere constructive possession would not answer the requirements of the statute.

Also, *held,* that if the instrument was intended as a pledge, there was a similar infirmity in plaintiff's position, as a pledge could not become operative without delivery to the pledgee.

Also, *held,* that a similar infirmity attaches if the instrument was to be considered as a bill of sale, in the absence of proof that it was made in good faith and without intent to defraud, as the sale not having been accompanied by immediate delivery and followed by a continued change of possession was presumptively fraudulent as against creditors of the vendor. (2 R. S. 136, § 5.)

(Argued December 3, 1888; decided December 11, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 17, 1886, which modified, and affirmed

as modified, a judgment in favor of defendant entered upon a verdict.

This was an action to recover possession of certain rifles and " spare-parts " belonging thereto.

On the 13th day of February, 1879, Roderigo Toledo held some kind of agency for the government of Honduras, and on that day he entered into a contract with one Farington, in which he is described as " R. Toledo, Esq., special commissioner of the Republic of Honduras," whereby Farington agreed to sell to the government of Honduras, six thousand rifles, with the spare parts furnished therewith, for the sum of $6.60 each ; and Toledo agreed on his own behalf and on behalf of the government of Honduras to pay for the rifles on delivery. In pursuance of that contract, Farington delivered to Toledo two thousand five hundred rifles and the spare parts belonging thereto, then stored in the United States government ordnance building at the Brooklyn navy yard, and Toledo paid therefor and left one thousand of them and the spare parts at that place. The plaintiff claims that some time prior to July, 1879, he loaned $17,000 to Toledo, and took as security therefor a quantity of jewelry ; that he held the jewelry as security for the loan until July 21, 1879, when Toledo paid $12,000 on the loan under an agreement by which he was to receive from the plaintiff the jewelry and substitute therefor as security for the balance of the loan the one thousand rifles and the spare parts remaining at the navy yard, and that to carry out that agreement the following instrument was executed between the parties on that day : " In consideration of one dollar to me in hand paid by Louis Siedenbach, Esq., I hereby sell, assign, transfer all my right, title and interest in one thousand Remington standard rifles, calibre fifty, Springfield pattern, now deposited in the navy yard of the United States in Brooklyn, to the said Louis Siedenbach, with the conditions that I, or the parties representing me, shall have the right to purchase the same at any time within three months from date, for the sum of $7,272.37." Toledo, immediately

after the execution of that instrument, left this country, and Farington, claiming that he owed him a large sum of money for breach of contract in December, 1879, commenced an action against him, and procured an attachment which was levied by the defendant's intestate, as sheriff of Kings county, upon the one thousand rifles and spare parts, and by virtue of the attachment the sheriff took and held the property. The complaint does not allege a wrongful taking of the property by the sheriff, or that he had become wrongfully possessed thereof, but simply alleges that he wrongfully detained the property from the plaintiff, and that its value was $7,500, and judgment is demanded that the defendant deliver the property to the plaintiff and pay him damages for the detention thereof. In his answer the defendant denies that he wrongfully detained the property described in the complaint, and avers that he had "no knowledge or information sufficient to form a belief that the said goods and chattels or any part thereof were, or are the property of the plaintiff;" and further answering, he alleges the action arising upon contract to recover $6,000 of Toledo, the issuing of the attachment, the receipt of the same by him; that by virtue thereof he levied upon and attached the rifles, and that they at the time were the property of Toledo, or that Toledo had a leviable or attachable interest therein; and judgment is demanded for the return to him of the goods, and if return could not be had, then for the value thereof. The action was twice tried. Upon the first trial, at the close of all the evidence a verdict was directed in favor of the defendant. Upon appeal by the plaintiff to the General Term the judgment entered thereon was reversed (36 Hun 211); upon the second trial the cause was submitted to the jury, they found a verdict in favor of the defendant.

Further facts appear in the opinion.

*Albert Cardozo, Jr.*, for appellant. The decision of the General Term on the first appeal is *res adjudicata*, not only in respect to the questions that were then expressly passed upon by the court upon that record, but also as decisive of the

legal questions which might have been raised by the defendant, as necessarily incident to the judgment of reversal. (*Goslin* v. *Cowell,* 56 N. Y. 626; *Furness* v. *Ferguson,* 34 id. 484; *Wilson* v. *Barney,* 5 Hun, 257; *Barrington* v. *D. & H. C. Co.,* 13 Week. Dig. [3d Dept.] 357; *Oakley* v. *Aspinall,* 13 N. Y. 500; *Eaton* v. *Alger,* 47 id. 345; *Justice* v. *Lang,* 52 id. 323; *Worrall* v. *Munn,* 53 id. 185; *Towle* v. *Remsen,* 70 id. 307, 308.) Where unimpeached witnesses testify distinctly and positively to a fact, and are uncontradicted, their testimony should be credited and have the effect of overcoming a mere presumption. (*Newton* v. *Pope,* 1 Cow. 110; *Loomer* v. *Meeker,* 25 N. Y. 361; *Lesser* v. *Wunder,* 9 Daly, 70; *Whiton* v. *Snyder,* 88 N. Y. 302; *David* v. *Williamsburgh City F. Ins. Co.,* 83 id. 265.) The introduction by the defendant of the evidence of the plaintiff, as given on the former trial, is conclusive proof of the facts deposed to. (*Fogg* v. *Edwards,* 20 Hun, 90; *Elwell* v. *W. U. Tel. Co.,* 45 N. Y. 553.) Although the plaintiff establishes by his evidence a *prima facie* cause of action, so that when he rests his case a refusal to order a nonsuit is proper, yet if the evidence on the part of the defendant is very greatly preponderating, and especially where that preponderance arose from the facts and circumstances uncontroverted, the court would set aside a verdict for the plaintiff as against the evidence. (*Kinsman* v. *N. Y. Mut. Ins. Co.,* 5 Bosw. 460; *Smith* v. *Ætna Ins. Co.,* 49 N. Y. 211; *Sheldon* v. *Clews,* 17 Week. Dig. 411; *McDonald* v. *Walter,* 40 N. Y. 553; *Macy* v. *Wheeler,* 30 id. 237; *Kelly* v. *Frazier,* 2 Civ. Pro. 324; *Jackson* v. *Odell,* 9 Daly, 372; *Allis* v. *Leonard,* 58 N. Y. 288; *Benham* v. *Cary,* 11 Wend. 82; *Seibert* v. *Erie R. Co.,* 49 Barb. 583; *Gale* v. *Wells,* 12 id. 84; *Wardell* v. *Hughes,* 3 Wend. 416; *Johnson* v. *Johnson,* 15 id. 647.) Declarations of the assignor as to personal property, though made before the assignment, are not admissible against an assignee for value. (*Van Sachs* v. *Kretz,* 72 N. Y. 548; *Truax* v. *Slater,* 86 id. 620; *Clews* v. *Kehr,* 90 id. 633; *Dodge* v. *Trust Co.,* 93 U. S. 379.) Declarations by the grantor, made after the sale, have always been

considered incompetent. (*Culver* v. *McCartney*, 40 N. Y. 220; *Tilson* v. *Terwilliger*, 56 id. 237; *Burnham* v. *Brennan*, 74 id. 597.) If the change of possession was not absolute and immediate and continued, the good faith of the transaction may still be shown to the jury, for the failure to give possession only raises a presumption of fraud, which may be rebutted by proof that the transaction was fair. (*Siedenbach* v. *Riley*, 36 Hun, 213.) The court has a right to send back the jury where the verdict is informal, and where it becomes manifest that a mistake is made. (*Warner* v. *N. Y. C. & H. R. R. R. Co.*, 52 N. Y. 427.)

*Thomas E. Pearsall* for respondent. The evidence in support and against plaintiff's claim left it a question of fact for the determination of the jury whether the plaintiff had established his claim to the ownership of the rifles. (36 Hun, 211; 6 N. Y. State Rep. 104.) The rifles in question were sold to the government through Toledo, its agent, and paid for by the government's money, hence the plaintiff could not recover herein. (*Griffin* v. *L. I. R. R. Co.*, 101 N. Y. 348; *Rooney* v. *Coon*, 6 Hun, 645; *Manning* v. *Worter*, 7 id. 482.) The title to the rifles being in the government of Honduras, Toledo, its agent, could not sell or pledge these goods of his principal for his own debt, much less for the debt of another. (*Donito* v. *Mosquera*, 2 Bosw. 40; *Van Amringe* v. *Peabody*, 1 Mason, 440; *Halloway* v. *Stevens*, 48 N. Y. 129; *Parsons* v. *Webb*, 8 Greenl. 38; *Morris* v. *Watson*, 15 Minn. 212; *Foss* v. *Robertson*, 46 Ala. 483; *Howell* v. *Pratt*, 5 Cush. 111; *Stevens* v. *Cunningham*, 3 Allen, 491; *Salters* v. *Everett*, 20 Wend. 275.) Had the jury decided that Toledo was the owner of the rifles, the evidence showed that the instrument under which plaintiff claimed was but a chattel mortgage, which was void as against Farington, for the reason that it was not filed and was not " accompanied by an immediate delivery and followed by an actual and continued change of possession of the thing mortgaged. (*Chapman* v. *Butler*, 18 Johns. 169; *Smith* v. *Beattie*, 31 N. Y. 542;

*Brown* v. *Bennett*, 8 Johns. 96; 3 R. S. 143, §§ 9, 11; *Steele* v. *Benham*, 84 N. Y. 634; *Topping* v. *Lynder*, 2 Robt. 488; *Porter* v. *Parmly*, 52 N. Y. 185, 189; *Bullis* v. *Montgomery*, 50 id. 352; *Hale* v. *Sweet*, 40 id. 99, 101; *Ely* v. *Conly*, 19 id. 496; *Crandall* v. *Brown*, 18 Hun, 461; *Parshall* v. *Eggart*, 52 Barb. 373; *Yenni* v. *McNamee*, 45 N. Y. 614; *Bullis* v. *Farmly*, 52 id. 185.) Nor was the alleged delivery of one of the rifles to plaintiff sufficient under the statute. There must be immediate delivery of the whole property. (*Benedict* v. *Smith*, 10 Paige, 126, 128.) A symbolical delivery and constructive possession is not enough under the statute. (*Yenni* v. *McNamee*, 45 N. Y. 352; *Bullis* v. *Farmly*, 52 id. 185.) If it be claimed that the transaction between plaintiff and Toledo was a pledge, then that also was void as against the plaintiff, because there was no actual delivery or change of possession. (*Parshall* v. *Eggart*, 52 Barb. 374; *Collins* v. *Buck*, 63 Me. 459; *Wolcott* v. *Keith*, 22 N. H. 196; *Holmes* v. *Crane*, 2 Pick. 210; *Brown* v. *Bennett*, 8 Johns. 98; *Wood* v. *Dudley*, 8 Vt. 435; *Bousey* v. *Amos*, 8 Pick. 236; *Badlam* v. *Tucker*, 1 id. 389; *Brownell* v. *Hawkins*, 4 Barb. 491.) Had the jury determined that the instrument was a bill of sale, then they were justified in holding that it was fraudulent and void as against Mr. Farington. (3 R. S. 143, § 5.) This proof was proper and material under the denial in defendant's answer of plaintiff's claim of ownership, this being an action of *replevin in detinet.* (*Griffin* v. *L. I. R. R. Co.*, 101 N. Y. 348.) The court properly charged that in order for the jury to find a verdict for the plaintiff, as far as the spare parts were concerned, they must have been actually in his possession. (3 R. S. [6th ed.] 143, § 5; Id. 142, § 3.) If Toledo, at the time of executing the instrument to Siedenbach, did not own the rifles, he had no right to sell or pledge them, and if he did not own them, then plaintiff's claim was without foundation. (*Griffin* v. *L. I. R. R. Co.*, 101 N. Y. 348.) The instrument received by plaintiff from Toledo was, by his own showing, a chattel mortgage in the most favorable view of it. It was not filed,

and, therefore, if it was not followed by immediate delivery and continued possession of the chattels, it was void, and plaintiff could not recover. (3 R. S. [6th ed.] 143, §§ 9, 11 ; *Steele* v. *Benham*, 84 N. Y. 634; *Crandall* v. *Brown*, 18 Hun, 461 ; *Camp* v. *Camp*, 2 Hill, 628 ; *Parshall* v. *Eggart*, 52 Barb. 373.)

EARL, J. The plaintiff's counsel makes the singular claim that the decision rendered by the General Term upon the first appeal, was *res adjudicata* between the parties, and was, therefore, binding and conclusive upon them in all the subsequent litigation, even in this court. That decision did not result in any judgment, and all that was decided thereby was that the verdict ought not to have been directed, and that the case should have been submitted to the jury. What was said in the opinion did not bind any one, not even the judge who wrote it. Every question of law raised in the court below appearing in the record can, therefore, be considered here as if the decision of the General Term, which is now under review, had been rendered upon a first appeal.

Under the issue in this case it was ·competent for the defendant to show that the plaintiff did not own the property in question. This action is in the complaint based solely upon the wrongful detention of the property claimed, and under the common-law system of practice, it would have been styled replevin in the *detinet*. In such a case a general denial puts in issue as well plaintiff's title to the property as the wrongful detention, and the defendant, under such an answer, may show title in a stranger, although he does not connect himself with such title. (*Griffin* v. *Long Island R. R. Co.*, 101 N. Y. 348.) It was, therefore, competent for the defendant, upon the trial of this action, to show that the property, on the 21st day of July, 1879, did not belong to Toledo, but to the government of Honduras, and that, therefore, the plaintiff did not get any title thereto by virtue of the bill of sale executed to him by Toledo on that day. We think there was evidence in the case sufficient to authorize

the jury to find that the rifles were bought of Farington by Toledo for the government of Honduras; that they were paid for with its money, and that they actually belonged to it. The evidence that Toledo was the agent of Honduras, that the business sign upon his office described him as such, and that when he paid Farington for the rifles he declared that he did it on behalf of Honduras, and the language of the contract with Farington, and some other facts in the case, in the absence of satisfactory, much less conclusive evidence, that he purchased the rifles for himself as a private individual transaction, furnished some grounds from which it could be legitimately inferred that the rifles, after they were purchased, did not belong to Toledo. It is true that he bound himself in the contract with Farington, as well as Honduras, to pay for the rifles, but his obligation may have been, in fact, that of a mere surety. We do not deem it important to criticise the evidence in detail. It has all been considered.

Even if the rifles were purchased for and belonged to Toledo, there is evidence tending to show that the bill of sale, notwithstanding its form, was intended as a mortgage; that the plaintiff previously held as a security for his loan the jewelry, and that the rifles were substituted in the place of the jewelry as security for the balance of the loan. As against an attaching creditor, this mortgage was absolutely void, unless it, or a true copy thereof, was filed in the proper office, or unless there was an immediate delivery of the property by Toledo to the plaintiff, followed by an actual and continued change of possession. (Laws of 1833, chap. 279, § 1; *Camp* v. *Camp*, 2 Hill, 628; *Bullis* v. *Montgomery*, 50 N. Y. 352; *Yenni* v. *McNamee*, 45 id. 614; *Porter* v. *Parmly*, 52 id. 185; *Steele* v. *Benham*, 84 id. 634.) A mere constructive possession will not answer the requirements of the statute. This instrument was not filed as a chattel mortgage, and whether the property was actually delivered, and there was an actual and continued change in its possession prior to the attachment, were questions of fact for the jury. We do not deem it important now to call particular attention

to the evidence. It has all been carefully read and considered, and we cannot say that, taking into account the character, position and appearance of the witnesses, and the facts and circumstances proved, the jury could not properly find that the property never actually went into the possession of the plaintiffs prior to the attachment.

But if this paper was intended as a pledge of the property, there is a similar infirmity in plaintiff's position as a pledge could not become operative without delivery to the pledgee of the possession of the property; and here the jury may have found that possession was not delivered.

A similar infirmity attaches to the plaintiff's case if the instrument executed on the 21st of July, 1879, be regarded simply as a bill of sale. Because it is provided in the statute that every sale, unless the same be accompanied by an immediate delivery and followed by an actual and continued change of the thing sold, shall be presumed to be fraudulent and void as against creditors of the vendor; and shall be conclusive evidence of fraud unless it shall be made to appear on the part of the persons claiming under the sale that the same was made in good faith and without any intent to defraud such creditors. (2 R. S. 136.) Here as we have before stated the jury were authorized to find that this sale was not accompanied by an immediate delivery and followed by an actual and continued change of possession of the property sold. And hence the presumption that it was fraudulent and void as against creditors was conclusive unless the plaintiff made it appear that the sale was made in good faith and without any intent to defraud creditors. The burden was upon him to make this appear, and we are of opinion that there was evidence from which the jury could find that the plaintiff had failed to show that the sale was in good faith and without any intent to defraud. We do not deem it important to detail the evidence; but we are satisfied that there was some evidence to be submitted to the jury upon this question of fraud. The disappearance of Toledo from the country immediately after the pretended sale leaving outstanding obligations, the con-

fused and contradictory statements of the plaintiff as to his purchase, the absence of proper entries in reference thereto upon any books, the subsequent treatment of the rifles by the plaintiff, the unexplained disappearance of them after they were replevied by the plaintiff and his apparent indifference in reference thereto, and other facts and circumstances were all to be weighed and considered by the jury.

We think the judgment should be affirmed with costs.

All concur.

Judgment affirmed.