'ALLEN v. GRAY et al.

(Supreme Court, Special Term, New York County. February, 1909.)

1. FRAUDULENT CONVEYANCES (§ 87*)—ACTION TO SET ASIDE.
   A transfer by an insolvent of certain assets to an estate of which he was trustee, because of a personal debt to the estate, will not be set aside, where it was not made and carried out to hinder and defraud creditors, within Personal Property Law (Laws 1897, p. 511, c. 417) §§ 24, 25, but, was a sale or transfer of a portion of the insolvent's property to one of the creditors with the honest purpose of paying an indebtedness.
   [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 221; Dec. Dig. § 87.*]

2. BANKRUPTCY (§ 303*)—PREFERENTIAL TRANSFER—EVIDENCE.
   The burden is on the trustee in bankruptcy, in an action to set aside a conveyance under Bankr. Act July 1, 1898, c. 541, §§ 60a, 60b, 30 Stat.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

562 (U. S. Comp. St. 1901, p. 3445), to show that the transfer was made within four months of the filing of the petition in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 303.*]

Action by one Allen against one Gray and others to set aside a transfer of property by a bankrupt as fraudulent. Complaint dismissed.

C. A. Stapleton, for plaintiff.

Guggenheimer, Untermyer & Marshall, for defendants.

FITZGERALD, J. The trustee in bankruptcy of the estate of one of the defendants seeks to recover the value of property transferred by the bankrupt to the estate of his deceased father, of which he was executor and trustee. The action was instituted, and is now sought to be maintained, under sections 24 and 25 of the personal property law of this state (Laws 1897, p. 511, c. 417), supplemented by the authority conferred by Bankr. Act U. S. July 1, 1898, c. 541, § 70e, 30 Stat. 566 (U. S. Comp. St. 1901, p. 3451), or under section 60 of the latter statute.

Section 24 of the New York personal property law declares every transfer of any interest in personal property, made with intent to hinder, delay, or defraud creditors of their lawful suits, demands, etc., to be void as against every person so hindered, delayed, or defrauded; and by the following section every sale of goods and chattels in possession or under the control of the vendor, unless accompanied by an immediate delivery, followed by actual and continued change of possession, is presumed to be fraudulent and void as against all persons who are creditors of the vendor or person making the sale or assignment. Section 70e of the bankruptcy act of 1898 provides that the trustee in bankruptcy may avoid any transfer by the bankrupt to his creditors, which any of his creditors might have avoided, and may recover the property so transferred, or its value, of the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. The other provision of law which the plaintiff invokes is section 60a of the bankruptcy act, providing that a person shall be deemed to have given a preference if, being solvent, he has within four months before the filing of the petition in bankruptcy (in this case on the 19th day of January, 1899) made a transfer of any of his property, the effect of which is to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class, with the consequent remedial provision, contained in section 60b of the act, that the trustee may avoid such preference and recover the property transferred, or its value, from the person preferred, if the latter, receiving such preference or benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference.

An examination of the record, including the exhibits and the items of the various accounts, proves that the transfer complained of was not made, intended, "arranged and carried out" to hinder, delay, and defraud creditors, and was not fraudulent and void as against them

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or their representative, the plaintiff herein, but was a sale or transfer of a portion of said bankrupt's property to one of these creditors with the honest purpose of paying an indebtedness. Such transfer is permitted by law, although the effect thereof is to place the property transferred beyond the reach 'of other creditors and to render other debts uncollectible. Ruhl v. Phillips, 48 N. Y. 125, 8 Am. Rep. 522; Preston v. Southwick, 115 N. Y. 139, 21 N. E. 1031; Tompkins v. Hunter, 149 N. Y. 117, 121, 43 N. E. 532; Delaney v. Valentine, 154 N. Y. 692, 49 N. E. 65; Dodge v. McKechnie, 156 N. Y. 514, 51 N. E. 268; Shotwell v. Dixon, 163 N. Y. 43, 48, 57 N. E. 178.

At the time of making the transfer the defendant William H. Gray was insolvent. His liabilities, conservatively estimated, greatly exceeded his assets, however liberally valued. The mere. fact of insolvency, however, did not deprive him of the control of his property. Delaney v. Valentine, supra. While there is some uncertainty as to the exact amount of his indebtedness to his father's estate at the time of the transfer, and it is evident that it has never been ascertained and stated with that precision which would probably have characterized the relation of debtor and creditor, if the active legal representative of the creditor estate had been some person other than the debtor himself, yet it is clear that at the time of the transfer there was an actual, existing, bona fide indebtedness on the part of the defendant to the estate which fairly exceeded the value of the property transferred in payment thereof by the former to the latter. This indebtedness originated in 1894, years before the date of the transfer, in the purchase by the defendant, pursuant to the provisions of the will (Plaintiff's Exhibit E), of the similar business carried on by the testator, which was formally effected by the agreement of purchase and sale (Defendant's Exhibit 1). Part of the purchase price was paid by the promissory notes of the defendant, a renewal of one of which, for $4,000, made almost two years before the transfer, was admitted in evidence (Defendant's Exhibit 3). The rest of the indebtedness was made up of rents due for premises owned and leased by the estate, and leased in turn to defendant, and of moneys that had been collected by him as executor that "had gone through" his "business accounts."

The entire indebtedness and the items and the amounts thereof are established by a series of chronological entries in regular books of account, dating from the time of the purchase of the testator's business, and made at a time when there could have been no thought or prospect of failure or litigation, and when the said defendant could have had no object in manufacturing evidence. Such entries are of much probative force. White v. Benjamin, 150 N. Y. 258, 265, 44 N. E. 956. The evidentiary effect of these old detailed entries in defendant's books, showing every transaction with the estate prior to December 31, 1897, is not overcome by the omissions or inconsistencies in his books and methods of account subsequent to that date, upon which the plaintiff lays so much stress. The methods of bookkeeping were loose and inaccurate, attributable in large degree to the personal identity of debtor and legal representative of the creditor; but as against the estate they are not competent (Cuyler v. McCartney, 40 N. Y. 221),

nor sufficient to destroy the conclusion of an indebtedness established by the prior detailed chronological entries and other writings in evidence. The defendant could not pay his debts to the estate by the making of entries in his books, nor can these debts be held to have been paid by the mere claim of its debtor, the defendant, made in his account as executor filed in 1896, that the estate was indebted to him in the sum of $14,000.

As before stated, it is difficult to correctly name the exact amount of defendant's indebtedness to the estate at the time of the transfer; but it must be held, upon all of the evidence, to have fairly equaled the value of the property transferred as defendant appraised it, and certainly exceeded the amount subsequently realized from the sale of that property. Where the property transferred has been disposed of by the transferee, the measure of damages is the value of the property, and not the amount received on the sale (Clarion First Nat. Bank v. Jones, 21 Wall. 325, 22 L. Ed. 542; Marshall v. Knox, 16 Wall. 551, 21 L. Ed. 481); but the evidence of value derived from the actual sale is both admissible and serviceable in determining the question of value (In re Block, 109 Fed. 790, 48 C. C. A. 650).

If, however, notwithstanding the existence of a bona fide indebtedness and of a valuable and adequate consideration for the transfer, there was an intent upon the part of the debtor to hinder, delay, and defraud his creditors by the transfer, in which intent the transferee shared and participated, or of which they had notice, then the transfer would be fraudulent and must be set aside. Sjoberg v. Field, 50 Misc. Rep. 412, 100 N. Y. Supp. 531; Starin v. Kelly, 88 N. Y. 421; Billings v. Russell, 101 N. Y. 226, 234, 4 N. E. 531; Greenwald v. Wales, 174 N. Y. 140, 66 N. E. 665; N. Y. Ice Co. v. Cousins, 23 App. Div. 560, 48 N. Y. Supp. 799. And, furthermore, by the express language of the statute (Laws 1897, c. 417, § 25), unless a sale is "accompanied by an immediate delivery followed by actual and continued change of possession," it is presumed to be fraudulent. The immediate delivery, followed by actual and continued change of possession, required by the statute to prevent the creation of the presumption of fraud, has been construed and declared by the courts to mean an actual delivery, an open public change of possession, to continue and be manifested by outward and visible signs, such as render it evident that the possession and the apparent, as well as the real, ownership of the vendor has ended. Randall v. Parker, 3 Sandf. 69; Spotten v. Keeler, 12 N. Y. St. Rep. 385; Butler v. Stoddard, 7 Paige, 163; Hollacher v. O'Brien, 5 Hun, 277; Topping v. Lynch, 25 N. Y. Super. Ct. 484; Stout v. Rappelhagen, 51 How. Prac. 175; Burnham v. Brennan, 42 N. Y. Super. Ct. 49; Rheinfeldt v. Dahlman, 19 Misc. Rep. 162, 43 N. Y. Supp. 281; Steele v. Bernham, 84 N. Y. 634; Siedenbach v. Riley, 111 N. Y. 560, 19 N. E. 275; Button v. Rahlbone, 126 N. Y. 187, 27 N. E. 266.

There are suspicious circumstances surrounding the transfer, but insufficient to establish fraud. The placing of the property transferred to the creditors in the custody of a former employé of the debtor, chosen by the debtor himself; the additional facts that the duties of

this custodian with respect to the property did not apparently differ from those previously performed by him as an employé; that other help of the debtor continued to look after the property; that no other persons were employed by the estate for that purpose; that the custodian of the estate made no new or separate inventory; that the insurance was not changed; that the signs on the premises remained the same; that the key of the building remained in the same hands—while not free from suspicion, do not necessarily establish fraud. They are susceptible of explanation, and are compatible with the honest intent of the debtor to pay by a transfer of part of his property an unquestioned indebtedness to one of his creditors. They do not fairly and reasonably lead to a conclusion of fraudulent intent, they do not fairly and reasonably exclude any other hypothesis, they are capable of an interpretation equally consistent with the absence as with the presence of wrongful intent, and they do not therefore establish fraud. Shultz v. Hoagland, 85 N. Y. 464; Lopez v. Campbell, 163 N. Y. 347, 57 N. E. 501. Many of them are explicable by the fact of the identity of the debtor and the legal representative of the creditor estate. The vehicles transferred were each numbered and described in the bill of sale, and a careful itemized record of sales, showing the respective values, was kept; and, as to insurance, the debtor was evidently in the honest belief that the policies covered all vehicles on the premises, including those transferred to his father's estate. The reasonable conclusion is that the transfer was not within the prohibition of sections 24 and 25 of the New York personal property law, nor can the plaintiff recover under section 70e of the bankruptcy act.

The remaining question to be considered is: Do the facts sustain a cause of action under sections 60a and 60b of the bankruptcy act? The insolvency of the defendant, as before stated, was established. The effect of the transfer to the estate was to enable it to receive a greater percentage of its debt than other creditors of the same class, and, as the debtor making the transfer was one and the same person with the agent or legal representative of the creditor estate receiving it, the latter must have had reasonable cause to believe that the former intended to give it preference by means of the transfer. The plaintiff, however, has failed to establish that this transfer was made within four months before the filing of the petition in bankruptcy. As a general rule the burden of proof is upon the petitioning creditor to show that an act of bankruptcy has been committed. In re Parker (D. C.) 11 Fed. 397; In re Price, 19 Fed. Cas. 1314, No. 11,411; In re Oregon Bulletin Printing Co., 18 Fed. Cas. 773, No. 10,559; In re King, 14 Fed. Cas. 506, No. 7,783; In re Rome Planing Mill (D. C.) 96 Fed. 812. And the same is true as to any other facts requisite to confer jurisdiction on the court (In re Hymes, 7 Ben. 427, Fed. Cas. No. 6,986); and in an action under sections 60a and 60b of the bankruptcy act the burden is upon the trustee (Keith v. Gettysburg Nat. Bank, 23 Pa. Super. Ct. 14). The evidence fails to establish the transfer within four months prior to the filing of the petition.

Complaint dismissed against all defendants. Settle decision and judgment upon notice.