1838.

Butler
v.
Stoddard.

BUTLER *vs.* STODDARD and others.

Where B. commenced a suit at law for the recovery of a debt due him by S. and pending the suit, S. assigned to T. & T. in payment of a debt of $700, his store of goods inventoried at cost prices at $436, and his choses in action of the nominal amount of $1209, of which $875 were good and collectable, and S. after the execution of the assignment was left in possession of the goods and accounts, to sell the former and collect in the latter for the sole benefit of T. & T., paying him a reasonable compensation out of the same for his services; it was held that the assignment was fraudulent and void.

The nominal appointment of the vendor of a store of goods, as an agent, to retain the possession and retail the goods for the vendee, without any visible change in the mode of doing business at the store, is not a change of possession within the intent and meaning of the statute on the subject.

The sale will be deemed fraudulent as against creditors, unless it is accompanied by an actual and continued, as well as a nominal and constructive change of possession.

THIS was an appeal from a decree of the vice chancellor April 17. of the fifth circuit, dismissing the complainants' bill. The complainants were judgment creditors of the defendant Stoddard, and their execution against him had been returned unsatisfied. The bill was filed to reach his property and choses in action, and to set aside an assignment thereof to the defendants Thurber & Townsend as fraudulent. While the complainants were proceeding in their suit at law against Stoddard for the recovery of their debt, he made an absolute assignment of his store of goods, inventoried at cost prices at about $436 ; and of all his debts and choses in action, of the nominal amount of $1209 ; of which debts, according to the testimony of the witness, about $875 were good and collectable. The consideration of his assignment, which was absolute on its face, was a debt due from Stoddard to the purchasers of about $700. And Stoddard, after the execution of the bill of sale, was left in possession of the store of goods, and of the notes and accounts, to sell the goods and collect in the debts for the sole benefit of Thurber & Townsend ; they paying him a reasonable compensation out of the same for his services as their agent.

*O. B. Mattison & S. Beardsley*, for the complainants. The assignment was absolute. There is no pretence in the pleadings or proofs, that it was given by way of mortgage or security. According to the inventory prepared and accepted by Thurber & Townsend, the property assigned exceeded their debt upwards of 130 per cent. According to the proofs and the admissions in the answer, the actual available value of the property assigned was upwards of 100 per cent more than Thurber & Townsend's debt. It conclusively follows, that although the assignment may have been in part for a good consideration, yet as to the remainder it was a mere voluntary gift, and consequently thus far wholly void as to creditors. The rule is well established that a conveyance or assignment void in part by statute is void in toto—in the language of Chancellor Kent, the whole is "poisoned." This conveyance then is radically defective and cannot be supported. If not deemed void by reason of the voluntary gift as above stated, the enormous excess in value conclusively implies "a secret trust and confidence" for the assignor; and for this cause, the conveyance is void. There are numerous other unequivocal and unexplained badges of fraud throughout this transaction. The whole spirit of the statute of frauds, and the whole policy of the law, forbid that this assignment should be upheld. In any event, even if the defendants Thurber & Townsend should be decreed a preference in the payment of their debt, they ought, under the circumstances and after the offer made through Matteson, to be charged with the costs of this suit.

*S. Stevens*, for the defendants. It is perfectly well settled, that a debtor in failing circumstances may prefer one creditor to another and assign the whole of his property for the benefit of a single creditor to the exclusion of others. There is no fraud in this cause. The defendants deny all intention of fraud, and there is not a shadow of proof to support the allegation of fraud. The assignment is absolute on the face of it; and if more property has been assigned than would pay the debt of Thurber & Townsend, still the as-

signment is good unless there was fraud in the transaction. The bill in this cause is framed with the single view of setting aside the assignment as fraudulent, and not for reaching any surplus that might by possibility be in the hands of Thurber & Townsend after the whole of the goods are disposed of and the debts collected. The bill therefore should be dismissed with costs.

1838.

Butler
v.
Stoddard.

THE CHANCELLOR. Upon a careful examination of the answers of the defendants and the evidence in this case, I think the conclusion of the vice chancellor, that the assignment of Stoddard's property was not fraudulent, was erroneous. Independent of the legal presumption of fraud arising from his continuance in possession after the execution of the absolute bill of sale, I think the amount of property assigned was, at its fair value, much more than sufficient to pay the debt due to the purchasers. The case would have been somewhat different if Thurber & Townsend had taken the property in absolute satisfaction of their debt and at their own risk ; or if they had taken an assignment of the property in trust for the other creditors, after securing to themselves a preference in payment out of the same. But, as I understand the transaction, the bill of sale to them was absolute, so as to give them the full benefit of all the property and debts assigned if the amount realized therefrom should be more than the amount of their debt, but to be applied to the extinguishment of their debt *pro tanto* only if the proceeds of the assignment should for any reason turn out to be less. As the nominal amount of the goods and debts assigned was more than doubtle what was actually due to Thurber & Townsend, I can see no reason for the making of an absolute sale and assignment of all this property to them, without any risk of loss on their part, unless it was upon some secret or implied understanding, between the parties to that transaction, to keep the surplus from other creditors, and for the benefit of Stoddard himself.

Besides ; there never was in fact any change of the possession of the assigned property until after the issuing of the complainants' execution ; as the nominal appointment of the

seller as the agent of the buyers, to retain the possession and retail the goods and collect in the debts for them, without any visible change in the mode of doing business at the store, was not a change of possession within the intent and meaning of the statute on this subject. The sale must be accompanied by an actual and continued change of possession as well as a nominal and constructive change, or the transaction will be deemed fraudulent as against creditors ; and a construction which would allow the vendor or assignor of a store of goods to continue in possession thereof, and to sell them out as the agent of the purchaser or assignee, would render this statutory provision for the prevention and detection of frauds a mere nullity. (*Hart* v. *Acker & Gedney, In Chan. April* 3, 1838, *S. P.*) For these reasons, the decree of the vice chancellor must be reversed with costs ; and a decree must be entered declaring the assignment from Stoddard to Thurber & Townsend fraudulent and void as against the complainants. But as the complainants had no lien upon the goods, as against other creditors, until the issuing of the execution, or upon the debts and choses in action of Stoddard until the filing of the bill in this cause, the monies received by Thurber & Townsend before the filing of the bill, for debts collected previous to that time, or for goods sold before the complainants obtained a lien thereon by the issuing of their execution, the defendants Thurber & Townsend have a right to retain such monies in part payment of their debt. But they must account to the complainants for the value of the goods on hand at the time of issuing the execution ; as the complainants by reason of this fraudulent assignment were prevented from reaching those goods by their execution. The complainants are also entitled to all the debts and choses in action which had not been collected and actually paid over to Thurber & Townsend at the time of the commencement of this suit. The defendants must therefore account for any monies received by them, either from Stoddard or any other person since that time, on account of such debts, or which may have been received by Stoddard as their agent. It must therefore be referred to a master to take an account accordingly ; al-

lowing interest as shall be just. The master is also to ap-
point a receiver, to whom the defendants are to assign and
deliver over on oath, under the direction of the master, the
notes, book accounts and other demands remaining uncol-
lected ; with the usual powers to such receiver. The mas-
ter is also to take an account of what is due to the com-
plainants for principal and interest on their judgment. And
the question of costs, and all other questions and directions,
are reserved until the coming in and confirmation of the
report.(a)

(a) Affirmed, on appeal to the court for the correction of errors, Jan. 1839.