## FILLO v. JONES.

### December, 1868.

*It seems*, that the mere fact that the keeping, by defendant, of explosive substances within the city limits, in violation of a municipal ordinance, is not such a wrongful act as to render defendant liable, in damages, under the statute, for a death caused by the explosion of such substances, but that negligence or a common law nuisance must be shown.*

In an action for damages caused by the explosion of fireworks alleged to have been wrongfully kept by defendant within the city limits, evidence that other fires had occurred from fireworks, at other times, and on the premises of other persons, in no way connected with the issue, is inadmissible, at least without proof that the fireworks and the conditions of ignition were similar.

The particular character of the fireworks on defendant's premises not having been proved except that they were colored signal lights, bought of the maker at a specified time, evidence that red and green signal lights bought of the same maker two years afterward, were liable to spontaneous combustion, is inadmissible, in the absence of any other proof of similarity.

In such an action, proof that the fire marshal of the city had received an anonymous warning of the dangerous nature of defendant's establishment, is inadmissible.†

The rule that an exception to the admission of evidence cannot be sustained, unless the objection stated the ground thereof, does not apply where the evidence was improper, for obvious reasons which could not by any means have been removed.

Christina, executrix of John Fillo, deceased, sued Thomas J. Jones, in the supreme court, under the statute, for damages caused by the death of the deceased, which resulted from an explosion of fireworks on defendant's premises. Defendant, a dealer in gunpowder and fireworks, had a quantity of fireworks,

---

* The case of Brown *v.* Buffalo, &c. R. R. Co., 22 *N. Y.* 191, cited by the court on this point, has been recognized in Reinhard *v.* Mayor, &c. of N. Y., 2 *Daly*, 243 ; and in Williams *v.* O'Keefe, 9 *Bosw.* 536 ; but in so far as it holds that the penalty is the only result of the violation, it is much shaken, if not overruled, by Jetter *v.* N. Y. & Harlem R. R. Co., reported in this volume.

† Compare Hadencamp *v.* Second Ave. R. R. Co., 1 *Sweeny*, 490.

As to liability for explosions, see Furth *v.* Foster, 7 *Robt.* 484 ; Spelman *v.* Fisher Iron Co. 56 *Barb.* 151.

&c., in his store, at 16 John-street, in the city of New York. Among them were some which were described in the testimony on the trial as "colored signal lights." On August 25, 1865, his store took fire, by reason, as plaintiff alleged, of the spontaneous combustion of these signal lights, and John Fillo, a furrier, who occupied the upper part of the building, was burned so severely that he died in a few days. The plaintiff, to sustain her action, relied on testimony that fireworks, and particularly colored fires, were very liable to spontaneous combustion, and that keeping them in quantities in an inhabited place was dangerous; and that in this case the fire originated where the colored lights were kept, and that defendant stated to his insurers, that the fire was caused by their spontaneous combustion. She was also allowed to prove other cases of fires which had occurred in the city within a few years from the same cause. The ordinance of the corporation of the city prohibited the keeping of colored signal lights, on account of danger to life and property. The details of the evidence material to this appeal appear fully in the opinion.

Plaintiff recovered a verdict for five thousand dollars, which the supreme court set aside, and ordered a new trial, without however, assigning their reasons therefor.

Plaintiff appealed to this court.

*Henry E. Davies* and *George W. Hoxie,* for appellants;— That on the facts found by the jury, plaintiff was entitled to recover; cited, Thomas *v.* Winchester, 6 *N. Y.* (2 *Seld.*) 397, and cases there cited; Haley *v.* Earle, 30 *N. Y.* 208; Driscoll *v.* Newark Cement Co., 37 *N. Y.* 637. That the exceptions were not specific, and therefore not available. Shaw *v.* Smith, 1 *Trans. App.* 238. That evidence of previous fires was admissible to show that colored lights were subject to spontaneous combustion. Sheldon *v.* Hudson River R. R. Co., 14 *N. Y.* (4 *Kern.*) 218; Hinds *v.* Barton, 25 *N. Y.* 544. That the anonymous letter could not prejudice defendant, and therefore its admission was not ground for a new trial. Hyde *v.* Lathrop, 3 *Trans. App.* 320.

*W. F. Allen,* for defendant, respondent;—That the violation

of the ordinance was solely a ground for a penalty. Williams *v.* O'Keefe, 9 *Bosw.* 536; Brown *v.* Buffalo, &c. R. R. Co., 22 *N. Y.* 191, 199. That defendant was not liable. Stuart *v.* Hawley, 22 *Barb.* 619; Rockwood *v.* Wilson, 11 *Cush.* 221, 226.

DWIGHT, J.—It is not claimed on the part of the plaintiff, that the keeping and storing of the fireworks in contravention of the city ordinance, was, for that reason alone, such an unlawful act as to bring the case within the statute authorizing a recovery; and upon the authority of Brown *v.* Buffalo & State Line R. R. Co., 22 *N. Y.* 191, it seems that position would have been untenable. It became necessary, therefore, for the plaintiff to show, either that the defendant was guilty of negligence in the mode of keeping and storing, or handling those articles, or that such keeping and storing was of itself an unlawful act, at common law, because a common nuisance, dangerous to human life.

There was no evidence tending to show the former state of facts. So far as appears, these fireworks were put up, kept and handled by the defendant, in the ordinary manner, and with proper care and precaution against accidents. The theory of the plaintiff's case is, that the defendant was guilty of a wrongful and unlawful act, or of default, in keeping them at all at the place where they were kept, because they were, in themselves, liable to spontaneous combustion and explosion, and thus endangered the lives of persons in their vicinity; and that the injury here complained of was occasioned by such spontaneous combustion or explosion of a portion of their fireworks.

I have no doubt that a cause of action might have been made out upon this theory, and that, upon the evidence admitted, it was partly a question for the jury whether it was not made out.

The motion for a new trial was therefore properly denied.

The question remaining is, whether there was error in the admission of evidence tending to establish this cause of action, by reason of which the defendant was entitled to the judgment of reversal pronounced at the general term.

The dangerous character above described was especially attributed to a particular kind of fire-works, known as "colored signal lights," of which there was evidence tending to show that

the defendant had a small quantity in his store at the time of the fire. The evidence on the part of the plaintiff was, therefore, largely directed to demonstrate the components and character of this particular kind of fireworks, and to prove that the fire in question originated in a spontaneous combustion of those in the defendant's store. With this view, probably, John A. Parker, Jr., a witness for the plaintiff, was permitted, under the defendant's objection, to testify to the circumstances of two fires which took place in the store of one J. B. Purdy, a dealer in fireworks, at No. 34 Maiden Lane, New York, in the year 1853, the first of which was put out without difficulty, and the second of which resulted in the destruction of the store and a loss of life. This witness was also permitted, under like objection, to testify that, in his opinion, those fires were both caused by spontaneous combustion of fireworks.

The objections to this testimony were general, not specifying particular grounds; but, in my opinion, they were sufficient, and were improperly overruled. The evidence was clearly inadmissible,— not because the witness was not shown to be qualified to give an opinion as to the cause of those fires, but because the whole matter of the cause, the occurrence and the effect of those fires, was wholly foreign to the issues in this action. The defendant was not called upon to try the question, what caused a fire in Maiden Lane twelve years before. It cannot be claimed that this evidence was admissible to show the character of the defendant's fireworks; there was no attempt to show that the fireworks in Purdy's store were similar to those of the defendant, or that the conditions under which they were ignited were the same as those which attended the keeping of the defendant's goods at the time of the fire in question. The only kinds of evidence competent upon the question now under consideration, were, first, evidence of the composition and character of the particular article alleged to have ignited spontaneously in the store of the defendant, and second, evidence of experts competent to speak generally of the composition and character of similar articles.

The objection to this evidence of the witness Parker, was therefore radical, and such as could not have been obviated had it been stated with ever so much particularity. Such being

the case, I regard the objection as sufficient, and the ruling upon it as erroneous.

The same remarks apply to the ruling upon the defendant's objection to the evidence of the witness Patrick Holloway. That witness was allowed to testify to the occurrence and cause of a fire in the store of Duncan & Robbins, where he was employed as a porter, in 1855. In that case the defendant's objection was more specific. He objected " to all testimony as to other fires." The objection was overruled, and the defendant excepted. The witness then went on to state the circumstances of this fire, to give his opinion that it was occasioned by spontaneous combustion, and to testify that it was also accompanied by loss of life. The effect of the evidence of both of these witnesses upon the jury, cannot be doubted. Aside from its bearings upon the question at issue, as to which it was incompetent, it was calculated to create a feeling of hostility to the business in which the defendant was engaged, and thus to work to his prejudice.

A witness, Henry Whitaker, Jr., testified that, in May, 1867, he purchased of Mr. Edge, pyrotechnist, of Jersey City, four colored signal lights, two red and two green, and the next day delivered them to Professor Doremus, a chemist of New York city. Thereupon Professor Doremus was called, and was permitted, under defendant's objection, to testify that he had analyzed the signal lights delivered to him by Mr. Whitaker, to state of what they were composed, and to testify and demonstrate by experiment, before the jury, that these compounds were liable, under certain circumstances, to spontaneous combustion. The defendant objected to this testimony, unless it was shown that the signal lights analyzed were composed of the same materials as those alleged to have been in the store of the defendant, the only proof on that subject, then, being that the latter were made by the same manufacturer, two years before. The objection was overruled, and the defendant excepted.

This objection seems to me fatal to the trial. There was no proof that any of the signal lights purchased by the defendant from Mr. Edge were either red or green, and the case fails entirely to show that they were in any respect similar, except in name, to those analyzed and experimented upon by Professor

Doremus. In the absence of such proof, the evidence of such analysis and experiments was wholly irrelevant to the issue in this case. In this instance the objection was sufficiently explicit, and fully raised the question of the relevancy of the evidence. It should have been sustained.

There was another ruling upon an objection to evidence, which it seems to me impossible to sustain. Alfred E. Baker, fire marshal of the city of New York, was called as a witness for the plaintiff, and testified that two or three months previous to the fire, he received an anonymous letter from some person unknown, relating to the defendant's business, and having sworn to the loss of the document, he was asked to state its contents. The defendant's objection to such evidence was overruled, and the witness stated, in substance, the contents of the letter, viz : that it directed the attention of the fire marshal to the establishment of the defendant, as containing a large quantity of dangerous fireworks, subjecting the neighborhood to great peril in case of an explosion. The defendant's objection to this evidence, as in one or two former instances, was general. But I am of opinion that it was sufficient. The reason of the rule requiring the grounds of an objection to be particularly stated, is that the party offering the evidence may be distinctly informed of the grounds in order that he may remove or obviate them. But in this instance, as in one formerly considered, the grounds of objection were so apparent, and it is so manifest that they could not have been removed or obviated, that I do not think that rule applies. This evidence could not have been made admissible by any means. It was hearsay ; it related to a time prior to the occurrence of the fire ; it only proved that, in the opinion of some unknown and nameless person, the business of the defendant was dangerous to the public. In effect it was calculated to prejudice the defendant without adding anything to the fact bearing upon the issues in the case. The objection to it should have been sustained.

For these errors in the ruling of the court, upon objection to evidence, I am clearly of opinion that the judgment at the circuit was erroneous, and that the defendant was entitled to a new trial. The judgment of the general term must there-

fore be affirmed, and, under the plaintiff's stipulation, judgment absolute must be awarded to the defendant.

Order granting new trial affirmed, and judgment absolute for defendant with costs.