Lydia A. McGinley, Respondent, v. The United States Life Insurance Company in the city of New York, Appellant.

An exception, as to language used in a charge, to be available, must present it in the same, or in equivalent words embracing the substance of the charge, and presenting so clearly and distinctly the proposition enunciated by the court that there can be no doubt as to what was actually intended.

Where the phraseology of the exception is of doubtful construction, so that it is not easy to determine what is meant, and to say that it applies to any distinct portion of the charge as made, it furnishes no ground for reversal of the judgment.

(Argued June 2, 1879 ; decided June 10, 1879.)

Appeal from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon a verdict, and affirming an order denying a motion for a new trial.

This action was brought upon a policy of life insurance. The facts appear sufficiently in the opinion.

*O. P. Buel,* for appellant.

*Stephen H. Olin,* for respondent.

Miller J.   The principal question which was controverted upon the trial of this case related to the answer made by the applicant, upon the taking out of the policy, to the question put to him whether his habits of life were temperate or otherwise ; to which the answer was given that he was temperate.   It was claimed that this was false and fraudulent ; and the testimony mainly related to the fact whether at the time the policy was issued, the representation thus made was false and untrue.   The judge, in his charge, presented this question to the consideration of the jury, and

after discussing quite fully as to what would be considered as temperate or intemperate, within the legitimate scope of an inquiry of this character, he concluded by saying : " I do not mean to say that a man who habitually, day by day, takes his drink or drinks more or less is intemperate, unless it approaches to the rule which I have already stated. What the courts regard as controlling, is whether or not he drinks, or is in the habit of intemperate drinking, to such an extent as would impair his constitution or his general health." The remarks cited were not, we think, a submission of the case to the jury upon this question alone ; for the judge had previously stated that the issue was as to the deceased being temperate or intemperate, and, in connection with what had preceded it, was a commentary upon the evidence and the rules applicable to the same, and a fair, impartial and clear presentation of the whole case to the jury.

No distinct exception was taken to the language employed, or to any separate portion of it ; but the counsel for the defendant did except to certain other parts of the charge, to which the judge responded by remarks not material to be stated, and then the counsel said : " And as to whether the use of alcoholic drinks was calculated to impair his general health, I also except." This exception does not, we think, cover the entire portion of the charge quoted ; nor can it be claimed to be applicable to the last proposition, for it did not embrace the same, as the judge had not charged as stated in the exception.

The portion of the charge cited was merely a conclusion of the remarks which preceded it, and the judge did not charge or intimate that it was necessary for the defendant to show that intemperance impaired the health of the deceased. It is manifest that the exception taken was not sufficiently specific to cover the proposition laid down ; and as it referred very generally to a use of alcoholic liquors, which was calculated to impair the general health, employing some words which were not in the charge, it was, we think, too indefinite and uncertain to be available.

When it is intended to except to a specific proposition or to particular remarks of a judge in his charge to the jury, the counsel making the exception should put his finger on the proposition clearly and distinctly, beyond any question, and employ language entirely plain, so that there can be no doubt as to the real character of the exception, or as to what was actually intended. This is essential to enable the judge to correct, modify or change the language used, if he deems it proper, and to prevent any misconception or misapprehension as to what portion of the charge the exception was intended to apply. To obtain the advantage of an exception as to language used in the charge, it must be presented either in the same or in equivalent words, or so as to embrace the substance of the charge, and not in phraseology which is at least of a doubtful construction. This was not done ; nor do we think that the exception was intended to cover, nor that it did actually meet the precise point now considered.

As the exception was so loosely taken and imperfectly presented that it is not easy to determine what it meant, or to say that it applied to any distinct portion of the charge as made, it furnishes no sufficient ground for a reversal of the judgment and cannot be upheld.

A single point is made as to the ruling of the court in regard to the admission of testimony. One of the defendant's witnesses was examined in regard to the habits of the deceased, and testified that prior to April 19, 1866, he was frequently intoxicated ; that this had continued for many years, and the habit seemed to increase and was more frequent as years progressed. He was asked " how long he had been acquainted with him ; " and he answered : " Ever since he was a baby." The following question was then put to the witness : " Had you any knowledge of his habits subsequent to that period, as to their continuance and development and final result ? " The words " subsequent to that period " would seem to refer to the time when the deceased was an infant, and covered in part the period in reference to which testimony had been given by the witness.

No distinct offer was made to prove directly that the intemperate habits of the deceased continued after the policy was issued; and in the absence of such an offer, it is not a fair assumption that the testimony was designed to include any period of time after the policy had been issued. The question was certainly ambiguous and too general; and it is difficult to say from its language what was intended to be proved. We think there was no error in excluding it.

As no error appears in any of the rulings upon the trial, the judgment should be affirmed.

All concur.

Judgment affirmed.