Dugro, J.
This is an appeal from a judgment entered upon a verdict and an order denying a motion for a new trial on the minutes.
The plaintiff was a general salesman in defendants’ employ on June 1, 1888, when he was discharged for alleged misbehavior. His contract of employment in terms fixed the period of his service for one year, to commence November 15, 1888, and his com *363 pensation at $1,500 per annum and a commission of five per cent on all sales over $30,000, made by him direct or indirect, except .•sales in Boston.
The action is for damages for the discharge. An exception appears in the case in the following words: “ I except to that part of the charge * * * where your honor made use of the expression : ‘ If the oath was the child of irritation, etc., and not called out by anything liable to irritate him, then it was a proper cause of discharge, otherwise not’ ” The court had previously charged as follows : “ How, remembering all the other relations of the firm, if you find that this oath was the child of irritation, created by the circumstances, and was not a matter of disrespect to Mr. Lublin, and was excusable under all the circumstances, then _you will find that it was not a cause of discharge. On the other hand, if you think it was deliberate disrespect to Mr. Lublin and made use of for that purpose, for the purpose .showing disrespect, and was not called out of the plaintiff by anything that had happened, by their former relations, which would be likely to irritate a man, but that it was deliberate on his part, I leave it to you to say whether or not that is a cause of discharge.” If, by this exception, the defendant desired to call the court’s attention to its action in allowing the jury to say that the oath, even though a deliberate disrespect, etc., was not cause for the discharge, he failed to accomplish his purpose, for the exception did not present to the court the precise point intended, nor was, it likely to do so. For this reason the exception is not valuable. McGinley v. United States Life Insurance Co., 77 N. Y., 495.
Upon the taking of the exception the court said: “ Ho; I meant to leave it to the jury whether it was, under all the circumstances, etc.” The court evidently did not understand the exception as addressed to the erroneous part of the charge, that is, to the part which I have specially referred to.
It will be observed that the oath alluded to is that which was testified to as of June 1st Except as to the damages, the charge was upon the .whole, full and fair, and I have been unable to find any errors of substance. It seems that on March 5, 1890, while the action was pending, an order was obtained by the plaintiff which read: “ Ordered that the plaintiff have an inspection and discovery of the defendants’ sales book for the period covered by the contract mentioned in the complaint, November 7,1888, to November 7, 1889, which the defendants may give * * * by delivering to plaintiff a sworn statement of sales made by plaintiff'direct or indirect during said period, or by allowing plaintiff to examine their ¡said sales book, etc.” Upon the trial the plaintiff testified that plaintiff’s exhibit 4 (a paper containing a list of defendants’ sales to certain persons) was submitted in compliance with this order; but, .at the request of defendants’ counsel, the counsel for the plaintiff rstated at the trial the facts with respect to the order and the delivery of the exhibit From this statement it seems that the exhibit was not delivered in compliance with the order, but in compliance with the request of plaintiff’s counsel. The latter says:
*364 “We supplied them (defendants) with the list of names and we said: We want you to put opposite the name of each party that we give you the total sales that were made by you that appear on your books during the year beginning November 15, 1888, and ending November 15, 1889,’ and thereupon they supplied us with this statement * * *. The defendants claimed that they would insist that although they gave us this statement of sale, they were not to be considered as conceding that they were sales made by the plaintiff direct or indirect upon which he was entitled to commission, and we said : ‘ You can make that reservation in court’ ”
From this statement it is apparent that the privilege in the order accorded to the defendants, of delivering a sworn statement of sales made by the plaintiff, direct or indirect, was not used. The order of March does not seem to have been disregarded. The exhibit can, therefore, be considered as evidence only of the defendants’ sales, as therein indicated. There is no evidence in the case which would warrant a finding that the plaintiff made all of the sales which appear upon the exhibit The evidence rather tends to show the contrary. It seems impossible to say, from the evidence, that the plaintiff’s sales exceeded $30,000.
"The verdict, in so far as it exceeded the balance unpaid of the $1,500, less the plaintiff’s earnings prior to the time of the expiration of the contract, and interest on the difference to the time of trial, was excessive and contrary to the evidence.
The judgment is reversed and a new trial ordered, with costs of appeal to appellants. If the respondent will consent to a reduction of the judgment to such a sum as is indicated to be proper, the judgment will be affirmed as thus modified, without costs.
Truax, J., concurs.