(7 Misc. Rep. 536.)

ROBINSON et al. v. LEWIS et al.

(Common Pleas of New York City and County, General Term. March 6, 1894.)

EVIDENCE—VALUE—PURCHASE PRICE.

    The purchase price of an article may be considered as evidence in determining its value.

Appeal from city court, general term.

Action by Morris Robinson and others against Charles Lewis and others. From a judgment of the city court (25 N. Y. Supp. 1004) affirming a judgment entered on a verdict in favor of plaintiff for $608.11 damages and costs, and an order denying a motion for a new trial, defendants appeal. Affirmed.

The action was brought to recover $386.37 for the wrongful taking and conversion by defendants of a quantity of trimmings claimed to be worth that sum. The answer denies the wrongful taking and conversion, and sets up that certain goods, of the value of $96.59, were delivered to the plaintiffs by defendants in part payment of the latters' debt; that plaintiffs subsequently requested the return of said goods, but refused to take them back when they were offered by defendants, and that said goods were a part of those mentioned in the complaint; also, that the goods were subsequently levied upon and taken away by the sheriff by virtue of an execution against one of the plaintiffs.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Nathan Lewis, for appellants.
D. Leventritt, for respondents.

DALY, C. J. The main question in the case was whether the trimmings in question were taken by defendants with or without the consent of the plaintiffs, and, the evidence on that point being conflicting, the verdict of jury should not be disturbed. The questions argued upon this appeal are as to the admission and exclusion of evidence, and as to whether there was sufficient evidence of value to sustain the verdict. The exceptions of defendants present no error. Proof of the aggregate amount owing by plaintiffs to their creditors could have no bearing on the question as to whether the trimmings were voluntarily given in part satisfaction of their indebtedness to the defendants. Nor would the fact that they had previously paid a part of such indebtedness have the remotest, if any, bearing upon the same issue, the fact and the amount of the indebtedness being conceded. The object of the question as to the value of certain cloths, which were levied upon at the time that these trimmings were taken, as now claimed, is to show that there remained something due to defendants over and above the value of the cloths. As the cloths were taken in a replevin proceeding, and not under a levy for the satisfaction of an indebtedness, their value would not have assisted the jury in determining the issues in the case. The allowance, in the cross-examination of the defendant Lewis, of the question as to his refusal of an offer of $1,500 for said cloths, did no harm, for he denied the offer; and, even if he had admitted it, it would have been proper upon cross-examination, in view of his testimony that the cloths were worth a less sum. As to the evidence of the value of the trimmings, the plaintiff Robinson, who dealt in the goods, swore they were worth the sum claimed in the complaint, and added that that was what he had paid for them. Objection was taken to the latter part of this testimony, and to the charge of the judge that the purchase price of an article is some evidence of value, and to the refusal to charge, in effect, that the jury must disregard the evidence of the witness as to value, and

that they might find the value of the trimmings to be as claimed in the complaint. Ordinarily, the question as to the admissibility of proof of the price paid for an article sued for arises in cases where such evidence is given by persons who are not dealers in the article; but manifestly no such question can arise in the case of a dealer who is an expert, and who, in support of his opinion as to value, may always give the ground upon which it is based, to wit, the price actually paid. Dealers derive their knowledge of value from the prices at which goods are actually bought and sold, and we have never known of objections being made to proof of such facts. There was sufficient evidence, therefore, of value to uphold the verdict.

The exception remaining to be considered is to the refusal of the court to charge that the plaintiffs were not entitled to an inspection of the trimmings before receipting for them, and that a refusal to allow an inspection did not make the defendants liable. This instruction was upon the defense that the goods had been offered back before the trial. It appeared that defendants exacted a receipt before giving up the goods, and refused to permit plaintiffs to examine them before giving such receipt. This was an unreasonable requirement, and defendants were not entitled to the instruction. The judgment and order will be affirmed.