(10 Misc. Rep. 393.)

### EISERT v. BRANDT.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

1. ACTION ON CONTRACT—EVIDENCE UNDER GENERAL DENIAL.
   In an action for work done under a contract, evidence that plaintiff abandoned the work is admissible under a general denial.

2. APPEAL—OBJECTIONS NOT RAISED BELOW.
   Where evidence was excluded under the objection that it was inadmissible under the pleadings, it cannot be contended on appeal that it was properly excluded on account of the form of the question.

Appeal from city court, general term.

Action by Alwin Eisert against William H. Brandt for work, labor, and services performed, and materials furnished, under a special agreement. From a judgment of the city court (29 N. Y. Supp. 1143) affirming a judgment for plaintiff, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

William W. Bryan, for appellant.
M. E. Duffy, for respondent.

BISCHOFF, J. The action was to recover the compensation fixed under a special agreement for the performance of work, labor, and services, and the supply of materials. The complaint alleged, ex necessitate, that the plaintiff had duly performed the agreement on his part, and the defense was a general denial. On the trial, the plaintiff gave testimony to the fact of such performance; yet when the defendant, called as a witness in his own behalf, was asked, "Did Mr. Eisert abandon the job?" the plaintiff's counsel objected to the introduction of the evidence upon the specific ground, and none other, that it was inadmissible because the plaintiff's abandonment of the work was not pleaded in defense; and the court sustained the objection, to which the defendant's counsel excepted. The evidence excluded was not thereafter admitted. That the ruling was error is clear beyond the need of argument. The plaintiff's abandonment of the work refuted his claim of performance, and evidence of such abandonment tended directly to disprove the cause of action. It was therefore competent, relevant, and material to the issues created by the pleadings. "Under our system of practice, and under

every rational, logical system of pleading, the defendant must, under a general denial, be permitted to controvert by evidence everything which the plaintiff is bound, in the first instance, to prove to make out his cause of action." Griffin v. Railroad Co., 101 N. Y. 348, 354, 4 N. E. 740. "Under such an answer the defendant may introduce evidence to disprove, wholly or in part, any fact which the plaintiff must establish to show a cause of action." O'Brien v. McCann, 58 N. Y. 373, 376. If we assume, agreeably to the contention of the plaintiff's counsel, that the question excluded was objectionable as calling for the witness' conclusion, the objection is not available to the plaintiff on appeal, since it was not made on the trial. "When evidence is excluded upon a mere general objection, the ruling will be upheld, if any ground existed for the exclusion. It will be assumed, in the absence of any request by the opposing party or the court to make the objection definite, that it was understood, and that the ruling was placed upon the right ground. If, in such a case, a ground of objection be specified, the ruling must be sustained upon that ground, unless the evidence excluded was in no aspect of the case competent, or could not be made so; but where there is a general objection to evidence, and it is overruled, and the evidence is received, the ruling will not be held erroneous unless there be some ground which could not have been obviated if it had been specified, or unless the evidence in its essential nature be incompetent." Tooley v. Bacon, 70 N. Y. 34, 37. "The reason of the rule requiring the grounds of an objection to be particularly stated is that the party offering the evidence may be distinctly informed of the grounds, in order that he may remove or obviate them." Fillo v. Jones, *43 N. Y. 328, 334. So, here, if the plaintiff's counsel had objected to the question excluded upon the ground now urged in support of the ruling, the objection could have been obviated.

Other errors are apparent from the record. It is needless, however, to discuss them. The error pointed out, in effect, prevented every attempted defense, and a reversal of the judgments of the general and trial terms of the court below is therefore imperative. Judgments of the general and trial terms of the court below reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.