MOSES LINDHEIM, Appellant, *v.* HENRY DUYS, JR., Respondent.

(New York Superior Court — General Term, January, 1895.)

An exception to a specific proposition, or to a particular remark, made in the charge to the jury is not available on appeal, unless it is so taken as to clearly and unmistakably point out the proposition or remark to which it is intended to apply, and leave no doubt as to the real character of the exception.

A letter which was written in answer to one which is already in evidence, and which completes the correspondence between the parties as to the subject-matter of the litigation, is admissible in evidence.

The trial justice has the right, in the exercise of his discretion, to exclude evidence offered in rebuttal of contradictions made by the defendant, where the effect of the admission of such evidence would be to reopen the plaintiff's case.

APPEAL from judgment entered on a verdict in favor of the defendant, and from order denying plaintiff's motion for a new trial.

*E. J. Myers*, for appellant.

*Forster, Hotaling & Klenke*, for respondent.

McADAM, J. The action was to recover $1,163.25 damages for breach of warranty upon the sale of tobacco, that it was of "perfect burn," which is a trade term, signifying that the tobacco would burn perfectly white or grayish-white, a result considered material to a purchase.

The answer denied the alleged warranty, and set up a counterclaim for $642.84, part of the unpaid purchase price of the tobacco.

The jury, by their verdict, found there was no warranty, and, as a necessary consequence, that the defendant was entitled to his counterclaim, about which there was no dispute.

The plaintiff assigns as error :

*First.* That the trial judge at the request of the defendant charged the jury "that if they believed that the plaintiff had sworn falsely in any one material fact they might disregard his entire testimony." The criticism is in omitting the word " willfully " preceding the word " sworn." If the trial judge had declined the request for the omission of that word it would not have been error (*Pease* v. *Smith*, 61 N. Y. 477), for the reason that the instruction was not shaped in such a form as required the judge to give it. Yet the omission from the charge as made was technical, and would, no doubt, have been supplied if the plaintiff had made his exception sufficiently definite to have directed attention to it. The instruction was substantially correct, though technically incomplete. If the plaintiff regarded the omission as of any moment he could have had it supplied at the time, and ought to have called attention to it then in some form, instead of springing the technicality now. *Langley* v. *Wadsworth*, 99 N. Y. 61.

The rule is that an exception to a specific proposition, or to a particular remark made by a judge in his charge to a jury, will not be availing to the appellant unless it is so taken as to clearly and unmistakably point out the proposition or remark to which it is intended to apply, and leave no doubt as to the real character of the exception. *McGinley* v. *Ins. Co.*, 77 N. Y. 495; *Taylor* v. *Ketchum*, 5 Robt. 507, 520; 35 How. Pr. 289; *Jones* v. *Osgood*, 6 N. Y. 233, 235. Another rule is that a party cannot make an exception to a charge or instruction available on appeal, on the ground that it was not sufficiently full or explicit, unless he requested the proper complementary instruction, and his request was refused. 2 Thomp. Tr. § 2396.

*Second.* That the trial judge admitted in evidence a letter written by the defendant to the plaintiff. This objection might have had weight were it not for the fact that the letter objected to was in answer to one written by the plaintiff and already in evidence. The two letters completed the correspondence between the parties as to the subject-matter of the

litigation; the one was made competent by the other. *Howe* v. *Woolsey*, 7 Misc. Rep. 33; *Lippus* v. *Watch Co.*, 13 N. Y. Supp. 319.

*Third.* That the plaintiff was not allowed to recall certain witnesses in rebuttal of the contradictions made by the defendant. This was an apparent effort to reopen the plaintiff's case, and the trial judge in the exercise of his discretion had the right to exclude the evidence offered. *Carradine* v. *Hotchkiss*, 120 N. Y. 608; *Marshall* v. *Davies*, 78 id. 414; Cow. Treat. § 1503; Bayliss Tr. Pr. 180; *Trimble* v. *Stilwell*, 4 E. D. Smith, 515; *Caldwell* v. *Steamboat Co.*, 47 N. Y. 294.

The other objections urged are entirely without merit, and in no manner affected the result. The plaintiff's case hinged solely upon the existence of a warranty which survived the sale. The jury found there was no such warranty. This disposed of the main issue in the case, and practically ended the controversy.

The evidence sufficiently sustains the verdict and the judgment entered thereon, and the order denying the motion for a new trial must be affirmed, with costs.

FREEDMAN and GILDERSLEEVE, JJ., concur.

Judgment and order affirmed, with costs.