(19 Misc. Rep. 162.)

### RHEINFELDT v. DAHLMAN et al.

(Supreme Court, Appellate Term, First Department. January 25, 1897.)

1. SALES OF CHATTELS—WHEN FRAUD IS PRESUMED—CHANGE OF POSSESSION.
   A sale of store fixtures and stock is presumptively fraudulent as against creditors of the seller, where he is left in charge, and continues the business in his own name, though the buyer calls in twice a day, takes the cash, and closes the store, as this is not such change of possession as is contemplated by 2 Rev. St. (9th Ed.) p. 1886, § 5, which provides that a sale of personalty without immediate delivery and change of possession shall be presumed to be fraudulent as against creditors of the seller.

2. SAME—FRAUDULENT INTENT—QUESTION FOR JURY.
   The question of fraudulent intent in a sale of personalty in which there is no change of possession is for the jury, as under 2 Rev. St. (9th Ed.) p. 1888, § 4, such question is one of fact.

3. APPEAL AND ERROR—GENERAL EXCEPTIONS FAULTY.
   A general exception "to each and every one" of the instructions given as requested by the adverse party is defective, as it does not indicate clearly the proposition to which it is intended to apply.

4. WRONGFUL ATTACHMENT—DAMAGES—EVIDENCE.
   Evidence of what it would cost to replace store fixtures, and of the profits of the business conducted in the store, is material in an action for wrongfully attaching the fixtures and stock.

5. TRIAL—ADDITION OF INTEREST TO VERDICT—TIME FOR OBJECTION.
   An objection to the addition of interest to the amount of a verdict is too late after the verdict has been recorded.

Appeal from city court of New York, general term.

Action by Adolph Rheinfeldt against the sheriff of the city and county of New York for unlawful seizure of his store fixtures and stock. Julius Dahlman and Isaac Marx, the sheriff's indemnitors, were substituted as defendants. From an affirmance by the general term of the city court (42 N. Y. Supp. 465) of a judgment of the trial term entered on a verdict in favor of plaintiff, defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Otto Irving Wise (David Willcox, of counsel), for appellants.
A. B. Berrick, for respondent.

McADAM, J. The action was originally against the sheriff of New York county to recover $1,750 damages for trespassing upon the premises of the plaintiff, December 10, 1895, breaking up his

established retail butcher business, and taking away and converting his trade fixtures and stock. The defendants are indemnitors of the sheriff, duly substituted. They justified under a warrant of attachment issued to the sheriff against the property of Gustav A. Rheinfeldt, a brother of the plaintiff, and a former owner of the business, which was carried on at No. 1627 Second avenue. The plaintiff claimed title under a bill of sale of the fixtures executed by Gustav, dated December 2, 1895, and under a transfer of the stock made on the same day. The consideration was $1,200,—$700 for the fixtures, and $500 for the stock, which went with the place, —and was made up by discharging an indebtedness of $950 owing by Gustav to the plaintiff and $250 in cash. The defendants invoke the statute providing that:

"Every sale made by a vendor of goods and chattels in his possession, * * * unless the same shall be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the thing sold, * * * shall be presumed to be fraudulent as against the creditors of the vendor, * * * and shall be conclusive evidence of fraud, unless it be made to appear, on the part of the person claiming under such sale, * * * that the same was made in good faith, and without any intent to defraud such creditors." 2 Rev. St. (9th Ed.) p. 1886, § 5.

It appears that immediately after the sale the plaintiff employed the same assistants that had before been in the place, and left the vendor in charge with the general management of the business, to buy and sell as he had previously done, and with authority to negotiate and sell the entire establishment to any customer he might find on suitable terms. The name of the vendor as proprietor was allowed to remain upon the windows of the store and on the delivery wagon, and all the plaintiff did in the way of asserting ownership was to call at the store early in the morning, before his duties called him to his employment (which was with Hurd & Co., stationers, corner of Grand and Crosby streets), and again in the evening, when his work was done, take the cash, and close the place. These facts do not establish the actual and continued change of possession contemplated by the statute. To take the case out of the statute, the acts of the parties must have been of such a character as to unequivocally place the property within the power and under the exclusive dominion of the buyer, and the change of possession necessary is an open and public one, which is to continue and be manifested by outward and visible signs, such as to render it evident that the possession of the judgment debtor has ended, for he must cease from his apparent as well as real ownership. Topping v. Lynch, 2 Rob. (N. Y.) 484; Spotten v. Keeler, 22 Abb. N. C. 105; Crandall v. Brown, 18 Hun, 461; Blant v. Gabler, 77 N. Y. 461; Steele v. Benham, 84 N. Y. 634; Stimson v. Wrigly, 86 N. Y. 332; Preston v. Southwick, 115 N. Y. 139, 21 N. E. 1031. Accordingly, it was held in Butler v. Stoddard, 7 Paige, 163, 165, that:

"The nominal appointment of the seller, as the agent of the buyers, to retain the possession and retail the goods and collect in the debts for them, without any visible change in the mode of doing business at the store, was not a change of possession within the intent and meaning of the statute on this subject. The sale must be accompanied by an actual and continued change of possession as well as a

nominal and constructive change, or the transaction will be deemed fraudulent as against creditors; and a construction which would allow the vendor or assignor of a store of goods to continue in possession thereof, and to sell them out as the agent of the purchaser or assignee, would render this statutory provision for the prevention and detection of frauds a mere nullity."

The sale from Gustav A. Rheinfeldt to his brother, the plaintiff, was certainly presumptively fraudulent as against the creditors of the vendor. The defendants sought the benefit of the statute by a motion to dismiss the complaint, but this was properly denied, because the question yet remained whether the plaintiff, upon whom the onus rested, had successfully rebutted the presumption by making it affirmatively appear that the sale was made in good faith, and without any intent to defraud creditors, and this was exclusively for the jury (2 Rev. St. [9th Ed.] p. 1888, § 4), whose verdict thereon is generally regarded as conclusive (Smith v. Acker, 23 Wend. 653; Prentiss v. Slack, 1 Hill, 467; Hanford v. Artcher, 4 Hill, 272; Butler v. Miller, 1 N. Y. 496; Thompson v. Blanchard, 4 N. Y. 303; Griswold v. Sheldon, Id. 581, 593; Gardner v. McEwen, 19 N. Y. 123; Miller v. Lockwood, 32 N. Y. 293; Swift v. Hart, 12 Barb. 530; Allen v. Cowan, 28 Barb. 100; Siedenbach v. Riley, 111 N. Y. 560, 19 N. E. 275; Wallace v. Nodine, 57 Hun, 239, 10 N. Y. Supp. 919).

At the defendants' request the trial judge charged the jury as to the presumption created by the statute in a case where there is no continued change of possession, and left to them for decision the questions of bona fides of the sale, delivery of possession, and actual and continued change thereof. These seem to have been proved to the satisfaction of the jury, and, there being no dispute as to the taking by the sheriff, they awarded the plaintiff a verdict, assessing the damages at $1,200. The defendants had the undoubted right to show, if they could, that the property was sold to prevent the collection of their debt, and that the plaintiff participated in the fraudulent intent, for this would have avoided the transaction, although a fair consideration passed. Waterbury v. Sturtevant, 18 Wend. 353, 364; Billings v. Russell, 101 N. Y. 226, 4 N. E. 531; Dudley v. Danforth, 61 N. Y. 626. But the proofs fail to establish any such unlawful design.

We are requested by the defendants to review several rulings to the admission and exclusion of evidence; but in some instances the errors were either cured by the subsequent admission of the testimony, or there was no appropriate exception to the ruling authorizing review. The same comment is applicable to objections made to certain portions of the charge presented for consideration. For example, the defendants argue that the question of actual and continued change of possession was on the evidence one of law, which the court should have decided in their favor; yet they did not request the trial judge so to rule by instructing the jury to that effect, and there is no exception to the manner of submitting the question which warrants us in assigning reversible error. Certain portions of the charge criticised were so modified by appropriate instructions contained in other parts thereof that, as a whole, it was unobjec-

tionable. Caldwell v. Steamboat Co., 47 N. Y. 282; Losee v. Buchanan, 51 N. Y. 476, 492; Crist v. Railway Co., 58 N. Y. 638; Sperry v. Miller, 16 N. Y. 407, 413.

It appeared upon the trial that on December 5, 1896, three days after the purchase by the plaintiff, the latter, through his brother Gustav, made a sale to Jacob Wormser of the store, with the lease, fixtures, and delivery wagon, for $500, on which $50 was paid at the time, the remaining $450 to be paid on December 11th; but the levy made on the 10th prevented consummation. The sale to Wormser embraced the entire subject-matter of the transfer to the plaintiff excepting the stock, valued by him at $500. So that we find the plaintiff, three days after paying $700 for certain articles, selling them for $200 less than cost. The circumstance was not conclusive on the subject of value, but was evidence bearing upon it. While an offer made by a third person to a party for his property is not competent evidence in favor of the party to whom it is made of the value of the property (Hine v. Railway Co. [N. Y. App.] 30 N. E. 985), there is, in sound reason, a distinction in this respect between an offer as evidence against the party who made or accepted it, and as evidence in his favor. See authorities collated in note to above case. The voluntary act of the plaintiff in fixing the value at $500 was, as an admission, if nothing more, evidence against his interest, to be weighed with the other proofs of value. The trial judge nevertheless charged the jury that what the plaintiff was willing to sell for was not proof of value. The defendants insist that this ruling was erroneous, but we find no exception which authorizes its review on this appeal.

Under a general exception in these words: "We likewise except to each and every one of his honor's charges in which he charged as requested by the plaintiff," the defendants insist upon having reviewed a number of propositions charged at the plaintiff's request, most of which were correct. We cannot do this. The rule is, if the charge of the court contains several propositions, and some are unobjectionable, a single exception to the whole charge, and to each and every part of it, will present no question for review on appeal. This formula applies to requests to charge as well as to the charge in the first instance. See cases collated in Baylies, New Trials, pp. 183, 184; also Huerzeler v. Railroad Co., 139 N. Y. 493, 34 N. E. 1101. The fundamental principle is that an exception, to be available, must so clearly and unmistakably point out the proposition or remark to which it is intended to apply, that no doubt is left as to the real purpose of the exception. McGinley v. Insurance Co., 77 N. Y. 495; Langley v. Wadsworth, 99 N. Y. 61, 1 N. E. 106; Lindheim v. Duys, 11 Misc. Rep. 16, 31 N. Y. Supp. 870.

The exception to the remark of the trial judge that Culbertson was a disinterested witness is without merit. He had not been an employé of the plaintiff since the seizure on December 10, 1895. He had no possible interest in the result of the controversy, and nothing to gain or lose by departing from truth. There was no existing relationship to indicate bias or tend to impair his credibil-

ity; nor was anything he said improbable. The interest which the law recognizes as affecting credibility is that which is calculated to create bias or inclination of mind founded on some such relation to the matter in controversy as will give rise to some possible pecuniary gain or loss from the event. Abb. Law Dict. If the witness had been an employé at the time of trial, or his position at the time of the seizure had made him in any manner responsible for its occurrence, this test might have reached him, and a serious question as to the propriety of the charge might be presented.

The defendants also criticise that portion of the charge wherein the trial judge told the jury that, notwithstanding the expert evidence, they were the sole arbiters of value. The ruling finds support in Reves v. Hyde, 14 Daly, 431, Head v. Hargrave, 105 U. S. 45, and Muller v. Ryan, 2 N. Y. Supp. 736; and, even if held to go too far, it is without an exception which authorizes its review.

The power of this court to review the judgments of the city court was considered, and the necessity of exceptions clearly presenting the legal questions for review fully discussed, in Ebenreitter v. Dahlman and Briscoe v. Litt (decided at the December, 1896, term) 41 N. Y. Supp. 559, 1107, to which counsel are referred. It is similar to that exercised by the court of appeals, and we may cite the language of that court in Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 952:

"The court below had the power to set aside the verdict as contrary to the evidence without any exception, but in this court we can consider no objection which is not based upon some exception taken at the trial. Therefore, however unjust this verdict may be, upon the facts appearing in the case, we are powerless, on that account, to give the defendant any relief."

Several exceptions require notice. The witness Culbertson testified to the value of the stock taken. He had been a butcher for a number of years; at one time did business on his own account; had sold meat at wholesale and retail; knew the market values; was employed in the plaintiff's business at the time of the levy; had previously been in the employ of the plaintiff's brother, from whom the place was purchased; and was familiar with the stock on hand, as well as its value. He was certainly qualified to testify as an expert. Lawson, Exp. Ev. 439; Kerr v. Maguire, 28 N. Y. 450; Abb. Tr. Ev. 310; Cow. Treat. § 1475; Merrill v. Grinnell, 30 N. Y. 594; Robinson v. Lewis, 7 Misc. Rep. 536, 27 N. Y. Supp. 989; Jarvis v. Furman, 25 Hun, 391. His competency to express an opinion was not challenged at the trial, and cannot be questioned now. An objection taken by an appellant to evidence must be sustained on appeal, if at all, upon the ground that it was placed at the trial. Eisert v. Brandt, 10 Misc. Rep. 393, 31 N. Y. Supp. 121; Fillo v. Jones, 2 Abb. Dec. 121; Tooley v. Bacon, 70 N. Y. 34; People v. Murphy, 135 N. Y. 450, 32 N. E. 138. Besides, what a party pays for property is some evidence of value. Hoffman v. Connor, 76 N. Y. 121; Hangen v. Hachemeister, 114 N. Y. 566, 573, 21 N. E. 1046; Bird v. Everard, 4 Misc. Rep. 104, 106, 23 N. Y. Supp. 1008. This, combined with the opinion of the expert, constituted satisfactory proof. The witness Wormser testified without objection that to replace the fixtures taken would

cost between $1,200 and $1,400, and that, if he had obtained them on his offer of $500, he would have considered it a bargain. The plaintiff testified to the actual profits during his possession between December 2d and 10th. The only objection taken to this evidence was that it was incompetent, irrelevant, and immaterial, and no specific objection was made to the plaintiff's competency to testify. Baylies, Trial Prac. 183. The testimony was certainly competent and material, and the exception to the ruling without merit. People v. Murphy, 135 N. Y. 450, 32 N. E. 138. Experts testified to the profits, and the evidence upon the subject was sufficiently strong to go to the jury. Taking the value of the fixtures and of the stock as testified to, with the loss of profits proved, the verdict is in no manner excessive, but moderate in amount. In Ebenreitter v. Dahlman (Dec. term, 1896) 41 N. Y. Supp. 559, Daly, P. J., disposes of the question as to the plaintiff's right to recover profits as an element of damage in an action like the present for the trespass as well as conversion, and the exceptions taken on the present trial in respect thereto are disposed of by that opinion. After the defendants had rested their case, the plaintiff called Gustav A. Rheinfeldt as a witness to rebut a statement made by defendants' witness Ide concerning a declaration said by him to have been made by Gustav A. Rheinfeldt. The defendants then undertook to cross-examine Rheinfeldt as to matters not brought out in rebuttal. The questions were objected to and excluded, and the exceptions taken are urged as error. The rule is that a party has no legal right to cross-examine a witness except as to facts and circumstances connected with the matters stated upon the direct examination. See cases collated in Baylies, Trial Practice, 178. This is particularly so on the close of a trial in rebuttal of something offered in defense. The cross-examination attempted by the defendants would have, in effect, reopened the entire case after the defendants had closed their proofs; and the trial judge, in his discretion, could refuse to allow it. Lindheim v. Duys, 11 Misc. Rep. 16, 31 N. Y. Supp. 870; Baylies, Trial Prac. 174. We cannot review the propriety of the decision. Kreizer v. Allaire, 16 Misc. Rep. 6, 37 N. Y. Supp. 687.

The jury returned a verdict in favor of the plaintiff for $1,200. Upon the coming in of the verdict the plaintiff's counsel said the interest was $20, and the verdict seems to have been recorded for $1,220. No objection appears to the recording of the verdict at that sum; but, after the record thereof, the defendants moved to set aside the verdict on account of the addition of the $20. This came too late. Whether the case is one in which interest was in the discretion of the jury, or followed as a necessary part of complete indemnity, need not, therefore, be considered. The point urged by the defendants that the addition of the $20 is erroneous, because it does not appear that the jury had not already taken interest into account in arriving at the verdict, was proper subject for inquiry while the jury were present, and before the verdict was recorded. If objection had been made, the matter could then have been effectually disposed of by directing the jury to retire and dispose of the question. Baylies, Trial Prac. 246; Clark v. Lude,

63 Hun, 363, 18 N. Y. Supp. 271; Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51. Not having spoken when they should have spoken, the defendants are estopped from urging the point now. Objections which could have been obviated in the court below cannot be raised for the first time upon appeal. Baylies, New Trials, 188; Brady v. Nally, 151 N. Y. 258, 45 N. E. 547.

The judgment must be affirmed, with costs. All concur.