(61 Misc. Rep. 91.)

## LACK v. WEBER.

(Supreme Court, Appellate Term.  November 30, 1908.)

1. TRIAL (§ 236*)—INSTRUCTIONS—CREDIBILITY OF WITNESSES.
    An instruction that, if the jury believed that any witness had testified
    falsely to a material fact, it must disregard his testimony as to that fact
    and might disregard his entire testimony, was erroneous because omitting
    the word "knowingly" or "willfully."
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 531, 532; Dec. Dig.
    § 236.*]

2. APPEAL AND ERROR (§ 1031*)—HARMLESS ERROR—INSTRUCTIONS.
    Error in a charge requires a reversal, unless it is shown that it could
    not possibly have influenced the verdict.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4043;
    Dec. Dig. § 1031.*]

Appeal from City Court of New York.

Action in the City Court of New York by Gustave A. Lack against
Aaron M. Weber.  From a judgment for plaintiff, and from an order
denying a new trial, defendant appeals.  Reversed, and a new trial
ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-
BURY, JJ.

Franklin Pierce, for appellant.
H. & J. J. Lesser, for respondent.

PER CURIAM.  This action was brought to recover damages for
the breach by the defendant of a contract to employ the plaintiff.  The
amount of damages suffered by the plaintiff was agreed upon by both
parties, and the jury found for the plaintiff.  The judgment is attack-
ed for an alleged error in the charge.  The portion of the charge in
question is as follows:

"If you believe that any witness who has testified in this case has testified
falsely to a material fact in the case, you must disregard the testimony as to
that fact; you may disregard this entire testimony."

The above quoted language is a portion of the main charge, and the
criticism is for the omission of the word "knowingly" or "willfully."
This omission was an error, and an exception was duly taken.  The
weakness of the appellant's position lies in the fact that the trial coun-
sel did not clearly point out the error, and indicate specifically to the
court the real purpose of his exception.  McGinley v. United States
Life Ins. Co., 77 N. Y. 495.  The record is as follows:

"Defendant's Counsel: I except to that portion of your honor's charge where
you said 'where any witness has testified falsely as to any particular matter.'
"The Court: I said as to material fact.
"Defendant's Counsel: As to a material fact—
"The Court: That they must disregard his testimony as to that fact.  They
may disregard his entire testimony.
"Defendant's Counsel: I except to that."

It is apparent that the learned trial judge understood that it was
the claim of the defendant's counsel that the charge contained the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

words falsely as to "any particular matter," whereas the words "material fact" had properly been used. Counsel should have requested the proper complementary instruction. Had such a request been refused, an exception would clearly have been available. It will be observed that counsel was interrupted by the court, and not allowed to complete his statement. This may be treated as some excuse for not making a suitable request to charge, and also for failure to be sufficiently explicit. In the face of the well-settled rule that "for error in the charge of the court the judgment must be reversed, unless the prevailing parties show affirmatively that the error could not possibly have influenced the verdict," under the circumstances disclosed, we think the judgment should not be affirmed.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

SEABURY, J. (concurring). The part of the charge of the court to which the defendant's counsel took exception was incorrect. The exception being good, the appellant is entitled to a reversal of the judgment. Counsel repeated the erroneous part of the charge in the language of the court, and specifically noted his exception to it. This was all that he was required to do to be able to avail himself of his exception. It was not his fault that the learned trial justice misapprehended the point of the objection, and interrupted him in his effort to state more clearly the precise fault objected to. I do not think that counsel was required to state the proper complementary instruction. He might well have done so if the court had permitted it, but he was not required to do it in order to take advantage of the exception he had taken. The dictum contained in Lindheim v. Duys, 11 Misc. Rep. 16, 31 N. Y. Supp. 870, that counsel must request the "proper complementary instructions" is contrary to the rule as declared in Goldman v. Abrahams, 9 Daly, 223. In Brickwood Sackett's on Instruction to Juries, § 300, it is stated that:

"The party does not waive exceptions made to erroneous charges by reason of the fact that no request is made by him for a proper one."

I think that this is a statement of the correct rule.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

MacLEAN, J., concurs.